Argued February 7; affirmed February 14, 1933

JOHNSTON *v.* BRAYMILL WHITE PINE CO.

(19 P. (2d) 93)

*T. R. Gillenwaters,* of Klamath Falls (L. Orth Sisemore, of Klamath Falls, on the brief), for appellant.

*D. E. Fletcher,* of Klamath Falls, for respondent.

RAND, C. J. This is an appeal from an order of the circuit court for Klamath county denying defendant's motion to open up a default and set aside a judgment in favor of plaintiff. The motion is based upon section 1-907 of the Code and was accompanied by two affidavits filed in support thereof, both of which contained a general statement that the defendant had a good and meritorious defense to the cause of action set up in the complaint, but did not state the facts which constituted that defense and no answer accompanied the motion or was tendered for filing.

It is admitted and the record shows that due service of the summons and complaint had been made and that defendant was in default at the time the default and

judgment were entered. The record also shows that the circuit court had jurisdiction to enter the judgment.

It is settled law in this state that a motion to open up a default and set aside a judgment should be accompanied with a copy of the verified answer which the party desires permission to file so that the court may judge whether there be a meritorious defense, for defaults should not be opened up unless the defendant have a meritorious defense. *White v. The Northwest Stage Co.,* 5 Or. 99; *Bailey v. Williams,* 6 Or. 71; *Mayer v. Mayer,* 27 Or. 133 (39 P. 1002); *Egan v. North American Loan Co.,* 45 Or. 131 (76 P. 774, 77 P. 392); *Felts v. Boyer,* 73 Or. 83 (144 P. 420); *In re Marks' Estate,* 81 Or. 632 (160 P. 540); *Oregon Inv. & Mortgage Co. v. Keller,* 85 Or. 262 (166 P. 762); *Anderson v. Anderson,* 89 Or. 654 (175 P. 287).

In *Mayer v. Mayer,* supra, which arose on a motion to open up a decree rendered where service of summons by publication had been made, there was a general statement in the affidavits accompanying the motion that the defendant had a good and valid defense, and this was held to be insufficient, the court saying:

"The general statement that defendant has a good and valid defense to the suit is insufficient; the facts constituting such defense should have been set forth, so that the court could have determined whether they were sufficient for that purpose, and the proper practice is to accompany the motion with the answer which the party desires to file, which was not done in this case".

Under these decisions, we have no alternative but to affirm the judgment, and it is so ordered.

BELT, KELLY and ROSSMAN, JJ., concur.