Argued April 25, reversed and remanded for
resentencing June 11, reconsideration denied July 10,
petition for review denied September 11, 1979
287 Or 355

# STATE OF OREGON, *Respondent,*

*v.*

# MELVIN RAY NORRIS, *Appellant.*

## (No. 78-2502-C-2 and 78-2503-C-2, CA 12729)

595 P2d 1261

Thomas J. Reeder, Medford, argued the cause and filed the brief for appellant.

James M. Brown, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Gillette and Campbell, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant was convicted after a jury trial of attempted murder and of two counts of aggravated murder. He was sentenced to life imprisonment without the possibility of parole for 30 years for each aggravated murder conviction and 20 years for attempted murder. All sentences were made consecutive. Defendant makes three assignments of error: (1) the denial of his demurrer to the indictment charging him with two counts of aggravated murder; (2) the denial of his motion for a new trial because he was under medication throughout the trial; and (3) the failure to require a presentence report prior to sentencing.

Defendant fired a rifle at three people, killing two of them. His first assignment argues that the language of the aggravated murder statute precludes charging him with that crime for the first victim of the double murder. The significance to defendant lies in the fact that the conviction on two counts, when coupled with the order that the two resultant sentences be served consecutively, carried with it a total of 40 years' incarceration without the possibility of parole.[1] ORS 163.095(2)(c) provides in pertinent part:

> " * * * '[A]ggravated murder' means murder * * * which is committed under, or accompanied by, any of the following circumstances:
> "There was more than one murder victim."

By construing the statute to require the prior commission of murder as an essential element of aggravated murder, defendant implies that the legislature intended to immunize a multiple murderer from prose-

---

[1] Although defendant did not raise the matter, the state points out that the trial court erred in sentencing defendant to a minimum period of confinement of 30 years' on each count. ORS 163.105(2) provides:

"When a defendant is convicted of murder defined as aggravated murder pursuant to subsection (2) of ORS 163.095, the court shall order that the defendant shall be confined for a minimum of 20 years without possibility of parole, release on work release, temporary leave or employment at a forest or work camp."

cution for aggravated murder for the killing of his first victim. Nothing in the statute's legislative history indicates such an intent. We read criminal statutes "with the saving grace of common sense." *State v. Steele*, 33 Or App 491, 499, 577 P2d 524 (1978). To "accompany" means "to exist or occur in conjunction with." Webster's Third New International Dictionary 12 (1971). Aggravated murder thus means "murder which occurs in conjunction with at least one additional murder." No sequential order of events, as imported by defendant, is contemplated. Accordingly, there may be as many counts of aggravated murder as there are victims.

Defendant's motion for a new trial was predicated on defense counsel's discovery after trial that, contrary to instructions by defendant's court-appointed psychiatrist, jail authorities had continued to give defendant tranquilizers during the course of the trial. Before trial, the psychiatrist had prescribed a number of medications to sedate defendant, whom he found to be suicidal and suffering from auditory hallucinations, but had directed the jail officials to discontinue most of them as the time for trial approached. That directive was not carried out because of alleged negligence. Defendant contends that as a result, he was effectively disabled from aiding his own defense during trial because of his drugged condition. The fundamental right to be present at trial and to confront one's accusers, "includes the right to be present in such a physical and mental condition as to be able to comprehend the nature of the proceedings and to assist in his own defense." *State v. Hancock*, 247 Or 21, 28, 426 P2d 872 (1967); *State v. Arndt*, 1 Or App 608, 610, 465 P2d (1970). Any conviction obtained when an accused has been deprived of that right because of the effect of drugs cannot stand. *State v. Hancock, supra*, 247 Or at 28. Whether a defendant's condition warrants a new trial is within the discretion of the trial judge. *Hancock*, 247 Or at 30; *see also State v. Drummond*, 6 Or App 558, 565, 489 P2d 958 (1971).

[508]

■ Here, the record shows that defendant actively participated in his trial, testifying at length and in detail about events from his childhood and during his service in the Army, as well as those which occurred before and after the shooting incident for which he was being prosecuted. Based on his observations of defendant during the five-day trial, the trial judge concluded that "the defendant's behavior did not appear unusual for an individual being tried for murder * * *. His demeanor while testifying was controlled, but not unusual under the circumstances." We note nothing in the trial transcript which suggests that defendant's mental capacity was impaired. The trial court did not exercise its discretion improperly in denying defendant's motion.

■ Lastly, defendant contends that despite his waiver of the presentence report mandated by ORS 144.790(1),[2] the trial court was required to obtain and consider such a report before deciding what sentence to impose. We agree. *State v. Biles*, 34 Or App 531, 534, 579 P2d 259, *rev allowed* 283 Or 235 (1978).

Reversed and remanded for resentencing.

---

[2]

"Whenever any person is convicted of a felony, the Corrections Division shall furnish a presentence report to the sentencing court. If a presentence report has previously been prepared by the Corrections Division with respect to the defendant, the division shall furnish a copy of that report, and a supplement bringing it up to date, to the sentencing court. The reports shall contain recommendations with respect to the sentencing of the defendant, including incarceration or alternatives to incarceration whenever the Corrections Division officer preparing the report believes such an alternative to be appropriate. All recommendations shall be for the information of the court and shall not limit the sentencing authority of the court."