Argued and submitted June 26, reversed and remanded September 25, 1985

FISHER,
*Respondent,*
*v.*
FENTER,
*Appellant.*
(P81-37; CA A33248)
706 P2d 593

J. Michael Alexander, Salem, argued the cause for appellant. Roy Lee Fenter, Myrtle Creek, filed the brief *pro se* for appellant.

Kathryn Tassinari, Eugene, argued the cause for respondent. On the brief were Jerome F. Bischoff, and Bischoff & Strooband, P.C., Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

### ROSSMAN, J.

Appellant appeals the trial court's denial of his motion to set aside a default paternity judgment. We reverse.

After initiation of this filiation proceeding, appellant answered, denying paternity and requesting attorney fees. While the case was pending, he discharged his lawyer and was ultimately represented by a second attorney. Although a blood test excluded appellant as the father, respondent questioned its validity. She succeeded in obtaining a court order that appellant submit to a new test. Appellant did not cooperate, and eventually communications broke down between him and his new attorney. Appellant's emotional and mental state gradually deteriorated and he admitted himself to Dammasch State Hospital on January 6, 1983. He was discharged one week later and enrolled in various outpatient programs in the Portland area. The second attorney was forced to withdraw as counsel, because he could not contact appellant.

Trial was scheduled for July 8, 1983, but appellant's trial notice was sent to the wrong address so that he was unaware of the trial until after it had been held. A default judgment was entered against him, finding him to be the father of respondent's child, requiring him to pay child support of $250 per month and awarding respondent attorney fees of $500.

Shortly after learning of the default, appellant obtained a new blood test, which also excluded him as the father. He retained a third attorney, who filed a motion for new trial based largely on the test results. The motion was denied on August 2, 1983; appellant was not notified until after the time for appeal had passed. Thereafter, he contacted several other lawyers and the ACLU, about reopening the case. Finally, in March, 1984, he retained a fourth attorney. After a preliminary review of the case, she informed him that he had one year from the entry of judgment in which to file a motion to set it aside. Appellant relied on her advice and three months later, on June 20, 1984, filed the motion. The court denied it on August 6, 1984, because

"* * * one who seeks to set aside a judgment to upset the finality of a judgment must act with due diligence, and for whatever reason, from August, the time when he was notified that his previous effort was unsuccessful, to June of the

following year [when the motion was filed] is not due diligence
* * *."

On appeal, appellant argues that the trial court abused its discretion in denying his motion to set aside the order of paternity. A review for abuse of discretion in cases of this type is to determine "whether in light of the applicable legal principles the decision of the trial court was reasonable." *Reitz v. Coca Cola*, 36 Or App 487, 584 P2d 791 (1978).[1]

ORCP 71B provides, in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect. * * * A motion * * * shall be accompanied by a pleading or motion under Rule 21 A. which contains an assertion of a claim or defense. The motion shall be made within a reasonable time, and for reasons (a), (b), and (c) not more than one year after receipt of notice by the moving party of the judgment. * * *"

Thus, in order to prevail, appellant was required to (1) establish that the judgment was entered against him because of mistake, inadvertence, surprise or excusable neglect; (2) establish that he had moved to set it aside within a reasonable time; and (3) tender a *bona fide* defense. *See Bella v. Aurora Air, Inc.*, 279 Or 13, 17, 566 P2d 489 (1977).

Appellant has established excusable neglect. Before the entry of the default, he was experiencing psychiatric difficulties. The second attorney testified that appellant grew paranoid about and preoccupied with women. The attorney even considered a guardianship or conservatorship for appellant but did not follow through. Appellant's problems prevented him from participating in the defense of the action. Further, he did not receive notice of the trial date.

We also believe that appellant's actions were timely. Once he became aware of the default judgment, he began immediately to take steps to have it overturned. Admittedly, a

---

[1] In *Hackett v. Alco Standard Corp.*, 71 Or App 24, 33 n 7, 691 P2d 142 (1984), we noted that

"* * * a body of case law now exists that may require, under certain circumstances, that default judgments be set aside as a matter of law rather than of discretion. * * *"

series of difficulties delayed the filing of the motion to set aside the judgment, but those were beyond his control. The interests at stake are very important. Appellant should not be obligated to support respondent's child if that child is not his. *But see Watson v. State of Oregon,* 71 Or App 734, 694 P2d 560 (1985). An additional consideration is that the child has a right to be relieved of a judgment which might interfere with the establishment of a relationship with his real father. Under the unusual circumstances of this case, and given appellant's mental condition, we believe that appellant acted with reasonable diligence.

With regard to the final element, appellant has tendered a *bona fide* defense. He has submitted a blood test from a medical lab which conclusively establishes that it is scientifically impossible for him to have fathered respondent's child. Respondent refuses to believe that the test is legitimate and suggests that appellant may be perpetrating a fraud on the court. That is an issue which should be raised on remand and not here. On its face, the report supports a *bona fide* defense and that is enough.

Reversed and remanded.