Argued and submitted July 20, 1992, reversed and remanded for entry of judgment
on the verdict February 17, motion for clarification granted by opinion May 12, 1993
See 120 Or App 232, 850 P2d 1173 (1993)

Alyse A. AVERILL,
*Appellant,*

*v.*

RED LION,
a California Limited Partnership,
formerly known as R.L. Acquisition Company,
*Respondent.*

(A8812-06591; CA A65842)

846 P2d 1203

Kathryn H. Clarke, Portland, argued the cause for appellant. With her on the briefs were Linda K. Eyerman and Gaylord and Eyerman, Portland.

I. Franklin Hunsaker, Portland, argued the cause for respondent. With him on the briefs were Ronald E. Bailey, Lisa E. Lear and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

Before Rossman, Presiding Judge, and De Muniz and Landau,* Judges.

LANDAU, J.

---

* Landau, J., *vice* Buttler, J., retired.

## LANDAU, J.

Plaintiff appeals from a judgment for defendant notwithstanding a jury verdict in plaintiff's favor. She appeals on two grounds. First, she contends that the trial court erred in granting defendant's motion for judgment *n.o.v.* because the motion was not timely filed. Second, she contends that the court erred in granting the motion because there was evidence to support the jury's verdict in her favor. Defendant cross-assigns as error various trial court rulings related to the timeliness of the motion for judgment *n.o.v.* We reverse.

■   We review first the timeliness of the motion. The trial court entered judgment on the verdict for plaintiff on May 4, 1990. Ten days later, defendant delivered a "courtesy copy" of a motion for judgment *n.o.v.* to the trial judge's secretary and mailed a copy to plaintiff. However, defendant did not deliver the motion to the clerk of the court until a month later, on June 15, 1990. The trial court granted defendant's motion and entered judgment in its favor.

In her opening brief on appeal, plaintiff challenged the timeliness of the filing of defendant's motion, on the ground that defendant failed to deliver the motion to the clerk of the court within 10 days of the entry of judgment for plaintiff. *See* ORCP 63D. Defendant then moved in the trial court "pursuant to ORCP 71" for an order modifying the judgment to reflect that its motion for judgment *n.o.v.* was timely filed.[1] Plaintiff moved for an order setting aside the judgment in favor of defendant.

The trial court denied both motions. With respect to defendant's motion, the court concluded that ORCP 71 did not provide a basis for the relief defendant requested. With respect to plaintiff's motion, the court found that the motion for judgment *n.o.v.* had not been filed "in a technical sense by the clerk of the court or trial court administrator or entered into the register of [the] court." Nevertheless, it concluded that plaintiff had not been prejudiced and that defendant's

---

[1] ORCP 71A provides that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time." A motion under ORCP 71A "may be filed with and decided by the trial court during the time an appeal from judgment is pending before an appellate court." ORCP 71B(2).

delivery of the copy of the motion to the trial court within 10 days constituted a timely filing. Plaintiff filed a supplemental notice of appeal from the order denying her motion. Defendant cross-assigns as error the trial court's denial of its motion.

ORCP 63D requires that motions for judgment *n.o.v.* "shall be filed not later than 10 days after the entry of the judgment sought to be set aside." Defendant delivered its motion to the trial court—but not to the clerk of the court—within the 10-day period. The question is whether that delivery constitutes "filing" of the motion. If it does not, then the court lacked authority to grant the motion. *State ex rel State Farm Mutual Auto. Ins. Co. v. Olsen*, 285 Or 179, 183, 590 P2d 231 (1979).

ORCP 9E provides, in part:

> "The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court or the person exercising the duties of that office."

"Filing," in other words, means delivery to the clerk of the court or other person exercising the duties of the clerk of the court. There is no exception for deliveries to the chambers of the trial court judge, the judge's secretary or any other courtroom personnel. If not delivered to the clerk of the court or the person exercising the duties of the clerk of the court, a motion or other pleading has not been "filed."

Defendant's motion was not delivered to the clerk of the court until well after the 10-day deadline had passed. Therefore, the motion for judgment *n.o.v.* was not timely filed, and the trial court was without authority to grant it.

Defendant argues that the delivery of the copy of its motion to the trial court's secretary should be considered effective filing. In support of that assertion, it cites *Charco, Inc. v. Cohn*, 242 Or 566, 411 P2d 264 (1966), in which the Supreme Court held that delivery of pleadings to an in-court clerk constituted "filing." In that case, however, the in-court clerk was the "deputy county clerk," one of the officers in that county designated for receiving court filings. The trial court's secretary here had no similar authority.

Defendant argues that, in any event, the trial court's secretary should be considered the clerk of the court because she performs some of the functions of the clerk of the court.[2] The argument is without merit. Any number of persons may perform one or more functions that are also performed by the clerk of the court. For example, ORS 8.225(2)(b) provides that one of the functions of the clerk of the court is to "record the proceedings of the court." Under defendant's reasoning, parties could "file" pleadings with a private court reporter hired by one of the parties to prepare a daily transcript of court proceedings. Merely because an individual exercises one or more functions that also happen to be exercised by the clerk of the court does not make that person the clerk of the court.

■ Defendant further argues that, even if the delivery of the courtesy copy of its motion to the trial court's secretary did not constitute proper filing, the fact that the court granted the motion signified that the court implicitly granted an extension of time within which to file it. The argument cannot be squared with *State ex rel State Farm Mutual Auto. Ins. Co. v. Olsen, supra,* in which the Supreme Court held that trial courts lack authority to set aside a judgment after the lapse of the 10-day period, unless an extension of time was granted within that period.

■ Finally, defendant argues that its motion should not be considered untimely because it would be unjust and inequitable to do so. Defendant relies on ORCP 12B, which

---

[2] ORS 8.225(2) provides that a trial court administrator or trial court clerk shall

"(a) Keep the seal of the court, and affix it in all cases required by law.

"(b) Record the proceedings of the court.

"(c) Keep the records, files, books and papers pertaining to the court.

"(d) File all papers delivered to the officer for that purpose in any action or proceeding in the court.

"(e) Attend the terms of the court, administer oaths and receive the verdict of a jury in any action or proceeding therein, in the presence and under the direction of the court.

"(f) Under the direction of the court enter its orders and judgments.

"(g) Authenticate, by certificate or transcript, as may be required, the records, files or proceedings of the court, or any paper pertaining thereto, and filed with the officer.

"(h) In the performance of duties pertaining to the court, conform to the direction of the court."

provides that courts shall "disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party." According to defendant, its untimely filing did not affect plaintiff's substantial rights, because plaintiff timely received a copy of the motion. We disagree. Having been deprived of a jury verdict and judgment in her favor, plaintiff has suffered prejudice concerning a substantial right. Moreover, the argument defendant asserts here was considered, and rejected, in *Bella v. Aurora Air, Inc.*, 279 Or 13, 566 P2d 489 (1977). The defendant argued there that the trial court's decision to grant its untimely motion for judgment *n.o.v.* was "harmless" in view of the plaintiffs' knowledge of the defendant's earlier unsuccessful motions for directed verdict, which the defendant could have assigned as error on appeal. The Supreme Court held that the mere fact that the defendant may have informed the plaintiffs of the substance of the untimely motion did not provide the defendant with an excuse from complying with the statutory deadline for filing it.

Given that we hold that the trial court lacked authority to grant the motion for judgment *n.o.v.*, we need not reach the parties' other assignments of error.

Reversed and remanded for entry of judgment on the verdict.