Argued and submitted September 25, 1998; resubmitted En Banc March 3, affirmed May 26, 1999

Deborah DUVALL,
*Appellant,*

*v.*

Michelle Lynn McLEOD,
*Respondent.*

(C940918CV; CA A96226)

984 P2d 287

Lee Aronson argued the cause for appellant. On the briefs were Thomas A. Bittner and Schulte, Anderson, Downes, Carter & Aronson, P.C.

Lisa E. Lear argued the cause for respondent. With her on the brief were Jeffrey S. Eden and Bullivant, Houser, Bailey, Pendergrass & Hoffman.

Before Deits, Chief Judge, and Edmonds, De Muniz, Landau, Haselton, Armstrong, Linder, Wollheim, Kistler and Brewer, Judges.

HASELTON, J.

Brewer, J., specially concurring.

De Muniz, J., dissenting.

## HASELTON, J.

Plaintiff appeals from a judgment following a jury trial, assigning error to a pretrial order setting aside a default judgment. ORCP 69 C. Plaintiff asserts, in particular, that the trial court erred in granting defendant's motion to set aside the default judgment because that motion was not "accompanied by" a responsive pleading as required by ORCP 71 B(1). We affirm.

This action arose out of a 1992 auto accident in which defendant negligently rear-ended plaintiff's car. In September 1994, plaintiff filed a complaint, served defendant, and sent a courtesy copy of the complaint to defendant's insurer. After reviewing the complaint, the assigned claims adjuster for defendant's insurer contacted plaintiff's attorney to discuss an extension of time for filing an answer. The adjuster subsequently wrote to plaintiff's attorney "confirming" their agreement on an "open-end" extension. Plaintiff's attorney responded by letter, asserting that he had granted a 70-day extension, not an open-ended extension. The claims adjuster contended that he never received that letter, which was sent by regular mail.

In January 1995, when defendant had not filed a responsive pleading, plaintiff, without notice to defendant,[1] moved for an order of default. The trial court entered that order on January 13. On July 26, the court entered a "Money Judgment and Order" on the default order, awarding plaintiff damages of $69,519.52, plus costs and disbursements.

Defendant and her insurer first became aware of the order of default and the consequent judgment in August 1995, when plaintiff sought to enforce the judgment. On August 24, defendant filed a motion to set aside the default judgment, asserting that there was "good cause" to do so under ORCP 69 C[2] and ORCP 71 B. With that motion, defendant submitted an affidavit of the claims adjuster. In that

---

[1] No notice was required because defendant had not filed an appearance or provided plaintiff with written notice of intent to file an appearance before plaintiff's application for an order of default. ORCP 69 A.

[2] ORCP 69 C provides:

"For good cause shown, the court may set aside an order of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 71 B and C."

affidavit, the claims adjuster averred that he had not received either the letter from plaintiff's attorney limiting the extension to 70 days, or any notice of plaintiff's intent to seek a default judgment, and that he would have "immediately instructed [the] attorneys to file an Answer" had he received such notice. Defendant did not submit an answer or any other responsive pleading at the time she filed her motion. Plaintiff responded that defendant's motion should be denied for two reasons: (1) it was not "accompanied by a pleading or a motion under [ORCP] 21 A which contains an assertion of a claim or defense," ORCP 71 B(1); and (2) in all events, defendant's submissions failed to establish "excusable neglect."

On October 6, 1995, the trial court received evidence and heard argument on defendant's motion. Defense counsel represented that his client did not dispute liability but did dispute damages. The court then ruled orally that it intended to grant defendant's motion provided that she filed an answer within 10 days. On October 13, defendant tendered a putative answer that, contrary to counsel's representation, generally denied plaintiff's allegations.

After defendant tendered her answer, the trial court did not immediately issue an order setting aside the default judgment. In late October 1995, approximately two weeks after defendant tendered her answer, plaintiff filed a "motion to reconsider" the court's "previous decision to vacate the default judgment."[3] In that motion, plaintiff reiterated that defendant's failure to "accompany" her motion with a responsive pleading was fatal or, alternatively, that her "extreme" negligence precluded relief. After yet another hearing in early January 1996, the court entered an order setting aside the default judgment. In its concurrent letter opinion, the court explained:

---

Although defendant asserted in her motion that she had shown "good cause" for the court to set aside the *order,* the issue on appeal is only whether under ORCP 71 B the trial court could set aside the default *judgment.*

[3] Aside from the difficulties associated with "motions to reconsider," *see Carter v. U.S. National Bank,* 304 Or 538, 546, 747 P2d 980 (1987) (Peterson, C. J., concurring), plaintiff's motion was mistitled in that the court had never entered an order allowing the motion to set aside.

"It is undisputed that at the time of the filing of the motion to set aside the default judgment an answer was not tendered. However the purpose of the rule is to not allow defaults to be set aside merely to delay. Under ORCP 15 D, the court has the authority to allow the filing of the answer *before* entry of an order setting aside the default judgment. None of the cases cited by counsel for the plaintiff support a contrary position. Since a responsive pleading has been filed the motion for reconsideration is denied and defendant will submit an order to set aside the default judgment."[4] (Emphasis in originial.)

The case proceeded to trial, with defendant amending her answer to admit liability. A jury awarded plaintiff $3,379.

On appeal, plaintiff challenges the order setting aside the default judgment on two grounds. First, plaintiff argues that, as a matter of law, defendant's failure to tender a responsive pleading *with* her motion to set aside precluded the allowance of relief under Rule 71 B, and defendant's subsequent tender of an answer could not cure that defect. Second, in all events, defendant's general denial did not allege a "meritorious defense," which plaintiff asserts is a prerequisite to Rule 71 B(1) relief. *See, e.g., Fisher v. Fenter,* 75 Or App 408, 411, 706 P2d 593 (1985) (movant must tender a "bona fide" defense). Because plaintiff failed to raise and preserve the second argument in the trial court, we address only the first.

■     Under ORCP 69 C, a court may set aside a default judgment "in accordance with Rule 71 B and C." ORCP 71 B(1), in turn, provides:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) a mistake, inadvertence, surprise, or excusable neglect; * * * A motion for reasons (a) * * * *shall be accompanied by* a pleading or motion under Rule 21 A which contains an assertion of a

---

[4] ORCP 15 D provides:

"The court may, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or allow any other pleading or motion after the time limited by the procedural rules, or by an order enlarge such time."

claim or defense. The motion shall be made within a reasonable time, and for reasons (a), (b) and (c) not more than one year after receipt of notice by the moving party of the judgment." (Emphasis added.)

We review allowance of relief under ORCP 71 B(1) for an abuse of discretion. *Walters v. Kmart Corp.,* 149 Or App 65, 68, 942 P2d 286, *rev den* 326 Or 59 (1997); *Hackett v. Alco Standard Corp.,* 71 Or App 24, 33 n 7, 691 P2d 142 (1984), *rev den* 298 Or 822 (1985) (addressing content of "abuse of discretion" standard). Plaintiff contends, however, that the trial court's exercise of discretion is conditional upon the "shall be accompanied" requirement, and, thus, unless that condition is satisfied, the allowance of relief is, necessarily, an abuse of discretion.

■ We agree with plaintiff that satisfaction of the "shall be accompanied by" requirement is a prerequisite to the valid exercise of discretion under ORCP 71 B(1). However, the content of that requirement is unsettled. In particular, it is unclear whether "accompanied by" means (as plaintiff argues) that the responsive pleading must be concurrently tendered with the motion to set aside or whether that requirement is satisfied where (as here) the responsive pleading is submitted after the *filing* of the motion but before the court allows Rule 71 relief—*i.e.*, during the *pendency of the motion.*

We return to the text of ORCP 71 B(1). "Accompanied by" is reasonably, plausibly susceptible to either of the constructions the parties posit. "Accompany" is defined as:

"**1:** to go with or attend as an associate or companion: go along with * * * **3:** to add or join to often incidentally or casually * * * **4:** to exist or occur in conjunction or association with."

*Webster's Third New Int'l Dictionary,* 12 (unabridged ed 1993). *See also State v. Norris,* 40 Or App 505, 508, 595 P2d 1261, *rev den* 287 Or 355 (1979) ("accompanied by" in aggravated murder statute means "in conjunction with" and does not require a sequential order of events). Thus, while it is apparent that the responsive pleading must "exist or occur in conjunction or association with" the Rule 71 B(1) motion, it is

uncertain whether that temporal conjunction must be complete. In other words, it is unclear whether the responsive pleading must exist at *all* times from the filing of the motion onward or must only be before the court at *some time* during the pendency of the motion and before the allowance of relief.

Reference to the rule's context, including the balance of Rule 71 and other related rules, sheds no light on that ambiguity. However, the Council on Court Procedures Staff Comment to Rule 71 B(1) is enlightening:

> "Subsection 71 B(1) also explicitly requires that the party who makes the motion must demonstrate that a claim or defense is being asserted and that vacation of the judgment would not be a waste of time. That requirement existed for motions under ORS 18.160. *Lowe v. Institutional Investors Trust,* 270 Or 814, 817, 529 P2d 920 (1974), *Washington County v. Clark,* 276 Or 33, 37, 554 P2d 163 (1976)."

As the comment indicates, ORS 18.160 was the statutory antecedent to Rule 71 B(1)[5] and, although that statute did not include the rule's "accompanied by" language, judicial decisions applying that statute established that

> "a default decree will be set aside only if the moving party establishes that the decree was entered against him through mistake, inadvertence, surprise, or excusable neglect; that he acted with reasonable diligence after knowledge of the default decree; *and that he has a meritorious defense to the suit. The latter two legs of this legal tripod are important elements to be considered by the trial judge in the exercise of his discretion in granting or denying a motion to vacate a default decree." Lowe,* 270 Or at 817 (emphasis added).

From that description, and from the staff commentary, it appears that the purpose of requiring the movant to tender a responsive pleading is to provide the court with information

---

[5] *Former* ORS 18.160 provided:

> "The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

That statute was repealed in 1981, concurrently with the adoption of ORCP 41. Or Laws 1981, ch 898, § 53.

material to its exercise of discretion—*viz.* "that vacation of the judgment would not be a waste of time." Staff Commentary to ORCP 71. *See also Schrader and Schrader,* 242 Or 526, 528, 410 P2d 1017 (1966) ("[F]or the trial court to exercise its legal discretion in setting aside previous defaults, the applicant must tender pleadings which disclose a meritorious defense, for defaults should not be set aside merely to delay justice."); *Johnston v. Braymill Co.,* 142 Or 95, 96, 19 P2d 93 (1933) (motion to set aside default judgment "should be accompanied with a copy of the verified answer which the party desires permission to file so that the court may judge whether there be a meritorious defense, for defaults should not be opened up unless the defendant [has] a meritorious defense").

█        That purpose and function substantiate a broad reading of "accompanied by": So long as the responsive pleading is tendered before the court exercises its discretion, the requirement is satisfied. Under such a reading, a trial court could, for example, defer ruling on a motion to set aside until an answer was proffered and the plaintiff had an opportunity to address the answer, and then grant Rule 71 B relief.

The question is close,[6] but we adopt that broader, functional construction. Here, the purposes of the "accompanied by" requirement were fully served. The operative dispositive exercise of discretion occurred in January 1996, when the court issued its order setting aside the default judgment.[7] By that time, defendant had tendered her answer;[8] plaintiff had had ample opportunity to address the effect of the proffered answer on the court's ultimate exercise of discretion;

---

[6] Indeed, in at least one case, *Lowe,* the court used the term "accompanied by" to describe a party's tendering of an answer with a motion. 270 Or at 816.

[7] The dissent asserts that the trial court made its decision at the initial hearing in October 1995. 160 Or App at 697-98. However, the trial court did not issue any written order until after the January hearing. *See State v. Sperry,* 149 Or App 690, 697, 945 P2d 546 (1997) (noting the "oft-reiterated principle that a trial court's oral ruling is not binding until reduced to writing and, unless [the writing is] executed in open court, is not effective until filed with the clerk").

[8] We emphasize that defendant proffered the putative answer within the one-year period for moving to set aside judgments. ORCP 71 B(1). Thus, defendant satisfied all procedural requirements within the maximum time period provided for seeking the underlying relief.

and, in fact, the court had held a hearing (the "reconsideration" hearing) on that matter before granting relief. The trial court did not err.[9]

Affirmed.

**BREWER, J.,** specially concurring.

I agree with Judge De Muniz in dissent that the majority opinion defines the word "accompany" too expansively, given its plain, natural and ordinary meaning. The ORCP 71 motion in this case was not "accompanied" by an answer. However, for the following reasons, I agree with the majority that the trial court did not abuse its discretion in permitting the tender and filing of an answer that did not accompany the motion to set aside judgment.

As the dissent observes, it is true that the trial court ruled orally that it would permit filing of an answer disputing damages before it reviewed the answer. It is also true that the answer ultimately tendered did not dispute only damages, contrary to the representation of defendant's attorney. However, the trial judge did not enter his written order until after the answer was filed. Moreover, the answer did dispute damages, as predicted. While the sequence of procedure followed was not a text book model, the trial court permitted what it intended; namely, a damage contest. Not only did the trial court not abuse its discretion, it took a pragmatic approach given defendant's initial failure to comply with the literal dictates of ORCP 71 B(1). That flexibility is precisely what is contemplated by ORCP 15 D,[1] which "upon such terms as may be just" permits extensions and enlargements of time within which to make pleadings.

Plaintiff gives three reasons in her reply brief in support of her contention that ORCP 15 D does not apply here.

---

[9] Given our disposition, we do not consider defendant's alternative argument that, even if "accompanied by" requires that the responsive pleading be tendered upon the filing of the motion, under ORCP 15 D, the court could extend the time for tender.

[1] ORCP 15 D provides:

"The court may in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or allow any other pleading or motion after the time limited by the procedural rules, or by an order enlarge such time."

None of those reasons withstands scrutiny. First, plaintiff argues that *Averill v. Red Lion* 118 Or App 298, 301, 846 P2d 1203 (1993), prohibits granting motions to extend time by implication. That generalization is not accurate. *Red Lion* reaffirmed that trial courts lack authority to set aside a judgment after the lapse of the 10-day deadline for filing motions for JNOV under ORCP 63 D, unless an extension of time was granted within that period. 118 Or App at 302. In *Red Lion*, the trial court did not act, either orally or in writing, to extend the time for filing the motion. This court did not consider ORCP 15 D in *Red Lion* since no extension was ever sought. Here, the trial court expressly relied on ORCP 15 D in its letter opinion. Nothing was done by implication. Moreover, contrary to plaintiff's reading of the rule, ORCP 15 D did not restrict the trial court to allowing the pleading only by separate order. What plaintiff is really arguing is that the court was powerless to extend the time for tendering an answer because it did not accompany the motion. Plaintiff's argument misreads the text of ORCP 15 D and is not supported by the *Red Lion* decision.

Next, plaintiff contends that no time element exists within ORCP 71 B to be enlarged, since the motion to set aside must be made simultaneously with tender of the answer. That argument also ignores the feature of ORCP 15 D that contemplates allowance of pleadings after the time limited by the procedural rules. Moreover, the accompaniment requirement in ORCP 71 B is not a *filing* deadline, such as exists for JNOV and certain other motions. The answer is not even filed unless the court sets the judgment aside and permits filing. Therefore, there is no reason by virtue of cases decided under filing deadline rules to impose such a rigid interpretation on ORCP 71 B.

Finally, plaintiff argues that ORCP 15 D does not permit the filing of answers after entry of judgment. That argument misses the point. The answer is merely to be tendered abiding determination of a motion to set aside judgment. If the judgment is set aside, then and only then is the answer filed.

The trial court did not abuse its discretion in permitting a late tender of defendant's answer before it entered its

order setting aside the judgment. I would affirm the trial court's order based on its proper exercise of discretion under ORCP 15 D.

Edmonds, J., joins in this special concurrence.

**DE MUNIZ, J.,** dissenting.

At the hearing on defendant's motion, defense counsel argued that there was no requirement that a responsive pleading be tendered with the motion. When informed by the court that it disagreed and that a responsive pleading was needed to determine "whether or not there's a good reason" to set aside the judgment, counsel responded that "liability is not an issue. All it [the answer] would indicate, all we would file is a denial on the damage."[1] However, without having before it "a pleading or motion under Rule 21 A which contained an assertion of a claim or defense," the court stated that it would set aside the judgment if an answer, admitting liability but contesting damages, was filed within 10 days of the hearing.

ORCP 71 B(1) provides, in part:

> "On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect[.] * * * A motion for reason[ ] (a) * * * *shall be accompanied by* a pleading or motion under Rule 21 A which contains an assertion of a claim or defense. The motion shall be made within a reasonable time, and for reasons (a), (b) and (c) not more than one year after receipt of notice by the moving party of the judgment." (Emphasis added.)

Despite the plain, mandatory language of ORCP 71 B(1), the majority, relying on the last definition of "accompany" in *Webster's Third New Int'l Dictionary*, 12 (unabridged ed 1993),[2] concludes that "accompany" means "to exist or occur

---

[1] Later, the court and counsel had this exchange:

"THE COURT: "If there is a responsive pleading, and I assume it's going to be an answer that admits liability but denies the amount of damages—

"[COUNSEL]: It would, your honor.

"THE COURT: —if it's filed within the next ten days, the default is going to be set aside."

[2] The majority indicates that the definitions of "accompany" include:

in conjunction or association with." From that definition, the majority decides that the words "accompanied by" in ORCP 71 B(1) mean that, "[s]o long as the responsive pleading is tendered before the court exercises its discretion, the requirement is satisfied." 160 Or App at 692.

I disagree. In my view, it is the first definition in the dictionary consulted by the majority that gives the plain, natural and ordinary meaning of the word "accompany." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). That definition is "to go with or attend as an associate or companion: go along with." *See* n 2. That definition of "accompany" captures a contemporaneous quality. In other words, in plain and ordinary usage, everyone understands that children "shall be accompanied by an adult" does not mean at *some* time during the relevant period, but at *all* times.[3] Thus, I would hold that the language "shall be accompanied by a pleading or motion under Rule 21 A" means that the motion and responsive pleading must be tendered contemporaneously to satisfy ORCP 71 B(1). Defendant's failure here to have tendered a responsive pleading at the same time she filed her motion should have doomed the motion to failure.

I recognize that it is important to give citizens their day in court. However, I find it extremely difficult to understand the necessity of butchering the language of ORCP 71 to approve the procedure countenanced by the trial court here. In my view, a defendant who comes to court asking to have its negligence excused so that it can deprive a plaintiff of a judgment should have "its ducks in order." What difficulty is there in requiring that a defendant seeking to set aside a judgment follow the law to the letter? What difficulty, or impracticality, is there in requiring, at the time the motion is filed, that a defendant spell out its theory of defense so that the motion can be resolved in one hearing, not a series of hearings? I can think of none.

---

"1: to go with or attend as an associate or companion: go along with * * * 3: to add or join to often incidentally or casually * * * 4: to exist or occur in conjunction or association with." 160 Or App at 690.

[3] Indeed, all the definitions cited by the majority recognize that contemporaneity: The usage example offered in the dictionary for the definition adopted by the majority is "the text which accompanies the pictures." *Webster's*, at 12.

Certainly, hypotheticals can be conjured with various factual equities to test the limits of simply following the plain language of the rule. Be that as it may, I would hold that, in seeking relief from a default judgment, the defense motion "shall be accompanied by a pleading or motion under Rule 21 A, which contains an assertion of a claim or defense" at the time the motion is filed and heard. Failure to tender such a pleading contemporaneously with the motion does not comply with the rule and should result in a denial of the motion.

My disagreement with the majority does not end with its interpretation of the plain language of ORCP 71 B(1). In my view, even under the majority's definition, the trial court abused its discretion in setting aside the judgment. As the majority points out, *former* ORS 18.610 is the statutory antecedent to Rule 71 B(1), and judicial decisions applying that statute established the requirement that the demonstration of a meritorious defense is an "important element[ ] to be considered by the trial judge in the exercise of his discretion in granting or denying a motion to vacate a default decree." *Lowe v. Institutional Investors Trust*, 270 Or 814, 817, 529 Or P2d 920 (1974).

Here, the trial court purported to exercise its discretion before considering whether defendant had shown a meritorious defense:

"Defense counsel represented that his client did not dispute liability but did dispute damages. The court then ruled orally that it intended to grant the defendant's motion provided that she filed an answer within 10 days. On October 13, defendant tendered a putative answer that, contrary to counsel's representation, generally denied plaintiff's allegations." 160 Or App at 688.

The filing of a meritorious defense is not a mere formality but an important element necessary for the trial court to properly exercise its discretion.

Here, there is nothing in the claims adjuster's affidavit offered in support of the motion to set aside the judgment challenging the correctness of the damages plaintiff recovered in the judgment. Nor did defense counsel at any point offer any insight into the merits of the challenge to

plaintiff's damages. In fact, as indicated above, counsel represented to the court that the theory of defense was only a challenge to damages; however, after the court indicated its intention to set aside the judgment, defendant filed an answer contesting both liability and damages. As I read the record, the trial court exercised its discretion based solely on counsel's representation that only damages were contested. Counsel's representation and the court's statement that it would set aside the judgment occurred before any answer was filed.

I disagree with the majority that "all was made right" when the answer was tendered. The answer, in the form of a general denial, provided no more information or insight into the "theory of defense" or why the damages plaintiff obtained were somehow inflated or undeserved, and the trial court never indicated that "now" that the answer was filed it was going through the mental process of deciding whether to set the judgment aside. The reality is that the trial court made its ruling before the answer was tendered and that must necessarily be an abuse of discretion. Accordingly, I would reverse the trial court.

I dissent.

Deits, C. J., and Landau and Wollheim, JJ., join in this dissent.