Argued and submitted August 27, 1999, affirmed September 13, 2000

STATE OF OREGON,
*Respondent,*

*v.*

MICHAEL LEE GOLTZ,
*Appellant.*

(971710C1; CA A99005)

10 P3d 955

James N. Varner argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Ann Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Judge, and Warren, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction on two counts of attempted aggravated murder, ORS 163.095 and ORS 161.405, and one count of felon in possession of a firearm, ORS 166.270. He assigns error to the denial of a motion for a judgment of acquittal on the felon in possession charge, to the trial court's refusal to merge the two counts of attempted aggravated murder, and to its imposition of consecutive sentences on those counts. We affirm.

We state the facts in the light most favorable to the state, which prevailed at trial. *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968). One night, defendant and Raymond Heauser engaged in a minor bar fight, which was broken up quickly. Heauser left the bar at closing time and asked Anthony Martin to give him a ride home. While both Heauser and Martin were seated in the car, defendant drove by, pulled out a handgun, and fired six shots at the car. Several of the bullets hit the car, and one struck Heauser in the hand.

Police searched defendant's home and found there a disassembled nine-millimeter handgun. The state's expert reassembled the gun in approximately one hour, most of which time was devoted to documenting his steps. Once assembled, the gun was capable of being fired.

At trial, defendant moved for a judgment of acquittal on the felon in possession charge, contending that the evidence was insufficient to prove that the handgun was readily capable of being used as a weapon. The trial court denied the motion.

At sentencing, defendant argued that the sentences on the two counts of attempted aggravated murder should merge and that, in any event, the sentences for those offenses should run concurrently. The trial court disagreed and imposed two consecutive ten-year sentences.

On appeal, defendant argues that the trial court erred in denying his motion for judgment of acquittal on the felon in possession charge. According to defendant, the evidence was insufficient to show that his handgun was readily usable as a firearm, given that it took the state's expert an

hour to reassemble the weapon. In support of his argument, defendant cites *State v. Gortmaker,* 60 Or App 723, 655 P2d 575 (1982), *aff'd* 295 Or 505, 668 P2d 354 (1983), *cert den* 465 US 1066 (1984). The state argues that the evidence was sufficient, given that the expert testified that most of the hour was spent documenting the reassembly. We agree with the state.

■     When reviewing the denial of a motion for judgment of acquittal, we examine the facts in the light most favorable to the state to determine whether a rational trier of fact could have found defendant guilty beyond a reasonable doubt. *State v. Cunningham,* 320 Or 47, 63, 880 P2d 431 (1994), *cert den* 514 US 1005 (1995).

ORS 166.270 prohibits a person who has been convicted of a felony from possessing a firearm. A "firearm" is defined as a "weapon, by whatever name known, which is designed to expel a projectile by the action of powder and which is readily capable of use as a weapon." ORS 166.210(2). In *Gortmaker,* this court held that a pistol that had been rendered inoperable by the removal of its firing mechanism nevertheless was "readily capable of being used as a weapon," because a gunsmith was able to replace the missing parts in three or four minutes at a cost of $6. Nothing in the opinion, however, suggests that four minutes is a time period of any particular legal significance; we held that assembly in such time period was sufficient, not that it was necessary to satisfy the requirement of the statute.

In this case, the state's expert made clear that very little time was required to make the gun operable and that he did not need to add any missing parts or modify it to make it capable of firing. He testified that he took an hour to assemble the gun, but that most of that time was devoted to documenting the assembly process. On those facts, a rational jury could conclude beyond a reasonable doubt that defendant's handgun was readily capable of being used as a weapon. The trial court did not err in denying defendant's motion for judgment of acquittal.

■     Defendant also contends that the trial court erred in not merging the two counts of attempted aggravated murder. He argues that attempted aggravated murder requires proof

that there was more than one victim for each charge. In this case, he argues, the state, in essence, has "double counted" the victims. The state argues that it has not engaged in double counting. On the first count, there is evidence that defendant attempted to cause the death of Heauser and that, in the course of the same criminal episode, he also attempted to cause the death of Martin. And, on the second count, there is evidence that he attempted to cause the death of Martin and that, in the course of that criminal episode, he also attempted to cause the death of Heauser. We again agree with the state.

We review the trial court's decision for errors of law. *State v. Meredith*, 149 Or App 164, 168, 942 P2d 803, *rev den* 326 Or 58 (1997). ORS 163.095 provides that aggravated murder means murder committed when, among other things, there "was more than one murder victim in the same criminal episode." ORS 163.095(1)(d). In *State v. Norris*, 40 Or App 505, 595 P2d 1261, *rev den* 287 Or 355 (1979), this court held that "there may be as many counts of aggravated murder as there are victims." *Id.* at 508. The court reasoned that it defies common sense to suppose that the legislature intended to immunize a multiple murderer from prosecution for aggravated murder for the killing of the first of his two victims. *Id.* at 507-08. *See also State v. Fuller*, 90 Or App 158, 160, 750 P2d 1209 (1988) ("[W]hen multiple murders occur in the course of the same criminal episode * * * there may be as many counts of aggravated murder as there are victims.").

Defendant acknowledges the holding of *Norris*, but argues that the case is distinguishable, because in that case the defendant actually killed the two victims, while in this case he only engaged in an unsuccessful attempt to do so. We do not find the distinction meaningful. It is no less nonsensical to suppose that the legislature intended to immunize one who attempts a multiple murder from prosecution for the attempted aggravated murder of the first victim than it is to suppose that the legislature intended to immunize a defendant who actually succeeds in the attempt. We find *Norris* to be dispositive. The trial court therefore did not err in failing to merge the two counts of attempted aggravated murder.

Finally, defendant contends that the trial court erred in imposing consecutive sentences on the two counts of

attempted aggravated murder. He relies on the same reasoning that he employs in arguing for merger of the two counts, namely, that there is evidence of only one crime of attempted murder in this case. The state argues that the evidence shows that there were, indeed, two victims of attempted aggravated murder, and the trial court therefore properly imposed consecutive sentences on the two counts. Again, we agree with the state.

■  We review the trial court's decision to impose consecutive sentences for errors of law. *State v. Racicot*, 106 Or App 557, 561, 809 P2d 726 (1991). ORS 137.123(5)(b) provides that the trial court may impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct if it finds that the defendant's criminal offense "created a risk of causing loss, injury, or harm to a different victim * * *." In this case, each of defendant's acts of attempted murder put two victims at risk. The trial court did not err in imposing consecutive sentences on the two counts of attempted aggravated murder.

Affirmed.