Argued and submitted September 25, reversed December 26, 2002, petition for
review denied April 15, 2003 (335 Or 391)

ARTHUR ALLEN OLSON,
*Respondent,*

*v.*

Robert LAMPERT,
Superintendent,
Snake River Correctional Institution,
*Appellant.*

99-12-31,049M; A113369

60 P3d 554

Ryan Kahn, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Walter J. Todd argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

The state appeals a judgment granting petitioner post-conviction relief due to the inadequate assistance of criminal trial counsel. The court concluded that criminal trial counsel unreasonably advised petitioner to plead guilty to a charge of being a felon in possession of a firearm based on petitioner's possession of a rifle that had its bolt removed. The state appeals, arguing that, in light of case law holding that a firearm need not be fully assembled to support a charge of being a felon in possession, the post-conviction court erred in concluding that criminal trial counsel's advice to petitioner constituted inadequate assistance. We agree with the state and reverse.

The relevant facts are not in dispute. Petitioner, his son, his girlfriend, and Smith went elk hunting. A dispute occurred between petitioner and another hunter over who had shot a slain elk. Petitioner contended that his son had shot the animal, while the other hunter insisted that the elk was his. Petitioner eventually left the area without the elk. The following day, however, he again encountered the other hunter. Petitioner took Smith's hunting rifle—a customized "Whizbang Willard"—from the back of Smith's truck and approached the other hunter. Holding a round of ammunition to the other hunter's face, petitioner declared, "This is far from over." Petitioner explained, in so many words, that he had served time in prison, that he was not to be trifled with, and that "I hope your wives are safe in camp." At the time, the bolt for the rifle had been removed and was in Smith's possession. Smith had no intention of giving the bolt to petitioner. The other hunter reported the incident to the state police, and defendant eventually was arrested and charged with, among other things, felon in possession arising out of the incident with the Whizbang Willard.[1]

During preparation for trial, petitioner told his criminal trial counsel that the Whizbang Willard lacked a bolt, which was in Smith's pocket at the time petitioner held the

---

[1] Petitioner also was charged with felon in possession arising out of the earlier incident involving petitioner's own rifle, two counts of menacing, and reckless driving. The convictions as to those charges are not at issue in this case.

rifle. Counsel told petitioner that the information was irrelevant to the defense. Petitioner eventually pleaded guilty to the felon in possession charge.

Petitioner filed a petition for post-conviction relief arguing that "[d]efense counsel erroneously advised petitioner that it was irrelevant whether the firearm he was accused of possessing was inoperable." The post-conviction court agreed, holding that "the fact that the bolt, necessary for the gun to be operable, was in the possession of someone else would be of legal significance" to the defense against the charge of felon in possession.

On appeal, the state argues that the post-conviction court erred in so concluding. According to the state, under the relevant case law, a firearm need not be fully assembled—or even have all of its necessary parts—to be readily capable of use as a weapon. Petitioner contends that the post-conviction court correctly concluded that criminal trial counsel's advice was unreasonable because Smith would not have given the bolt to petitioner, thus rendering the rifle inoperable.

To obtain post-conviction relief under Article I, section 11, of the Oregon Constitution, petitioner must show by a preponderance of the evidence that his trial counsel "failed to exercise reasonable professional skill and judgment, and that petitioner suffered prejudice as a result." *Lichau v. Baldwin*, 333 Or 350, 359, 39 P3d 851 (2002). To obtain relief under the Sixth Amendment to the federal constitution, petitioner must show that counsel's performance was deficient and that the deficient performance caused actual prejudice. *Strickland v. Washington*, 466 US 668, 687, 104 S Ct 2052, 80 L Ed 2d 674 (1984). On review of a post-conviction trial court's decision, we examine the court's legal rulings for errors of law and its findings of fact for evidence in the record. *Smart v. Maass*, 148 Or App 431, 434, 939 P3d 1184, *rev den*, 326 Or 62 (1997). In this case, there appear to be no disputes as to the relevant facts; the only matter in dispute is the reasonableness of trial counsel's advice as to the felon in possession charge.

ORS 166.270(1) provides, in part:

"Any person who has been convicted of a felony under the law of this state or any other state * * * who owns or has in the person's possession or under the person's custody or control any firearm, commits the crime of felon in possession of a firearm."

"Firearm" is defined as "a weapon, by whatever name known, which is designed to expel a projectile by the action of powder *and which is readily capable of use as a weapon.*" ORS 166.210(2) (emphasis added).

■ In *State v. Gortmaker*, 60 Or App 723, 741-43, 655 P2d 575 (1982), *aff'd on other grounds*, 295 Or 505, 668 P2d 354 (1983), *cert den*, 465 US 1066 (1984), we held that a weapon does not have to be fully assembled to be "readily capable of use as a weapon." In that case, the defendant was convicted of theft of a firearm after he retained a revolver that had been confiscated and ordered by the court to be destroyed. At the time that the defendant possessed the revolver, its firing mechanism had been removed. He argued that he could not be convicted of theft of a weapon because, without the firing pin, the revolver was not "readily capable of use as a weapon." But the state showed that a gunsmith could replace "the missing parts in three or four minutes at a total cost of $6." *Id.* at 742. In light of the fact that the weapon so easily could be repaired, we concluded that, "[u]nder any interpretation" of the term, the revolver was "readily capable" of use as a weapon. *Id.*

Of similar import is *State v. Goltz*, 169 Or App 619, 10 P3d 955 (2000), *rev den*, 331 Or 583 (2001), in which the defendant was convicted of being a felon in possession of a firearm for having a disassembled gun in his home. An expert was able to reassemble the gun in "very little time." *Id.* at 622. We concluded that it was "readily capable of use as a weapon." *Id.*

In this case, the Whizbang Willard rifle was missing only its bolt, which was in the pocket of Smith, petitioner's hunting companion. In light of *Gortmaker* and *Goltz*, there is no question but that the rifle was "readily capable of use as a

weapon." Petitioner insists that those cases are distinguishable because Smith had no intention of letting him have the bolt. But petitioner misses the point of the wording of the statute and the cases construing it. ORS 166.210(2) requires only that the rifle be readily *capable* of use as a weapon. The term "capable" refers only to the ability of the rifle to be used as a weapon. *See Webster's Third New Int'l Dictionary* 330 (unabridged ed 1993) (defining "capable" as "able to take in, contain, receive, or accommodate"). It does not depend on the intentions of defendant, Smith, a local gunsmith, or anyone else to make the rifle actually operate as a weapon.

We conclude that the post-conviction court erred in granting post-conviction relief on the basis of inadequate assistance of counsel.

Reversed.