On appellant's motion for clarification filed March 18, motion for clarification granted; opinion (118 Or App 298, 846 P2d 1203) clarified with instructions May 12, reconsideration denied May 26, petition for review denied July 27, 1993 (317 Or 271)

Alyse A. AVERILL,
*Appellant,*

*v.*

RED LION,
a California Limited Partnership,
formerly known as R.L. Acquisition Company,
*Respondent.*

(A8812-06591; CA A65842)

850 P2d 1173

Kathryn H. Clarke, Portland, for motion.

Before Rossman, Presiding Judge, and De Muniz and Landau, Judges.

PER CURIAM

## PER CURIAM

Plaintiff requests clarification of our opinion. 118 Or App 298, 846 P2d 1203 (1993). In that opinion, we reversed and remanded "for entry of judgment on the verdict" in plaintiff's favor. Plaintiff points out that a judgment on the verdict in her favor already was entered on May 4, 1990. That judgment was superseded by the judgment *n.o.v.*, entered June 20, 1990, which we ordered must be set aside. Rather than enter a new judgment in plaintiff's favor, she argues, we should order the trial court to set aside its June 20, 1990, judgment and to reinstate the original May 4, 1990, judgment.

Plaintiff is correct. *Pearson v. Schmitt*, 260 Or 607, 609, 492 P2d 269 (1971); *Brewer v. Erwin*, 70 Or App 709, 714, 690 P2d 1122 (1984), *mod* 75 Or App 132, 705 P2d 242 (1985).

Motion for clarification granted. Opinion clarified by directing trial court to vacate judgment *n.o.v.* entered June 20, 1990, and to reinstate judgment in plaintiff's favor entered May 4, 1990.