Argued and submitted December 20, 1999, reversed and remanded
January 26, 2000

## Marnella MOSLEY
## and Emanuel Mosley,
### *Appellants,*

*v.*

## ALLSTATE INSURANCE CO.,
## an Illinois corporation,
### *Respondent.*

## (9712-09445; CA A104802)

996 P2d 513

Willard E. Merkel argued the cause for appellants. With him on the briefs was Popick & Merkel.

R. Daniel Lindahl argued the cause for respondent. With him on the brief were Jeffrey S. Eden and Bullivant Houser Bailey.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Plaintiffs appeal from a supplemental judgment that sustained defendant insurer's exceptions to an award of attorney fees and costs made in plaintiff's favor in a court-annexed uninsured motorist (UM) arbitration proceeding. The trial court concluded that plaintiffs were not entitled to the award on the ground that defendant tendered an offer of settlement that exceeded their arbitration recoveries within six months of submission of an adequate proof of loss under the UM policy. ORS 742.061. Plaintiffs assert that they submitted an adequate proof of loss more than six months before defendant made a qualifying offer of settlement. We agree with plaintiffs and, therefore, reverse and remand.

Marnella Mosley was insured under a UM policy (the policy) issued by defendant; Emanuel Mosley is her son. In November 1996, plaintiffs were injured in an automobile accident in which they were passengers in a vehicle operated by an uninsured driver. On March 10, 1997, after determining that no responsible driver was insured, plaintiffs' attorney sent a letter advising defendant that he represented plaintiffs in uninsured motorist claims under the policy. On the same date, defendant's adjuster wrote to plaintiffs' attorney. That letter stated that "[w]e would appreciate a copy of the police report if you have it. If there is no police report, we would like to take a statement from our insured driver." Defendant also requested a "demand packet" including medical records, once plaintiffs' injuries were medically stationary. On May 20, plaintiffs' attorney sent a second letter to defendant, advising that plaintiffs' injuries had become stationary. That letter enclosed plaintiffs' medical records, including an itemization of related expenses, and offered to settle Marnella's UM claim for $12,500 and Emanuel's claim for $10,000. The letter did not mention a police report or defendant's alternative request for a statement from the insured.

On August 4, another adjuster wrote to plaintiffs' attorney. That letter stated that defendant had paid plaintiffs' medical expenses under PIP coverage. The letter also returned photographs plaintiffs had previously provided. In addition, the letter stated "[r]egarding the Mosleys' UM

claims, I would like to meet with them and take their statements regarding the facts of the accident and their alleged injuries." On September 15, defendant's adjuster renewed his request for "recorded statements" from plaintiffs and stated that "I will not be able to consider any settlement without the statements." On September 29, plaintiffs gave the requested statements.

On October 15, defendant offered to settle plaintiffs' claims for a total of $500 each. Plaintiffs did not accept the offer and, instead, filed this action. On March 23, 1998, defendant filed and served an offer to allow judgment. Defendant offered $2,000 to Marnella, "plus PIP already paid, plus costs and disbursements to date, inclusive of attorney fees, if any," and $1,000 to Emanuel, subject to the same adjustments and limitations. Plaintiffs attempted to accept the offer and, in addition, to recover attorney fees. Defendant opposed plaintiffs' motion for judgment and the trial court denied the motion "on the ground that there was no effective acceptance of a valid offer of judgment under ORCP 54 E." The case was then referred to court-annexed arbitration.

The arbitrator awarded Marnella $1,450 plus previously paid PIP benefits totalling $1,350 and $218 to Emanuel plus PIP benefits paid in the amount of $782. The arbitrator also awarded attorney fees and costs to plaintiffs in the sum of $5,192. Defendant filed exceptions to the award of attorney fees and costs. The trial court held that plaintiffs were not entitled to recover attorney fees under ORS 742.061 and also determined that neither party should recover costs. Plaintiffs appeal from the supplemental judgment embodying that decision.

In two separate assignments of error, plaintiffs contend that the trial court erred in failing to award them costs and disbursements and attorney fees. Because the attorney fees issue is for practical purposes dispositive of both assignments of error, we discuss it first. Whether a particular statute entitles a party to recover attorney fees is a question of law. ORS 20.220(1); *Selective Services, Inc. v. AAA Liquidating*, 126 Or App 74, 77, 867 P2d 545 (1994).

The trial court denied attorney fees under ORS 742.061, which provides, in part:

"If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

The trial court determined that two of the statutory requirements for an attorney fee award had not been met in this case. First, the court concluded that "proof of loss occurred after defendant received adequate information and tender was made within six months thereof." Second, the court determined that plaintiffs' arbitration recoveries did not exceed the March 1998 offer of judgment, which, the court concluded, was a complying tender, although not made until after this action was filed. Because the March 1998 offer of judgment exceeded plaintiffs' arbitration recoveries, the trial court held that plaintiffs were not entitled to attorney fees. In reaching its conclusions, the trial court relied on this court's decision in *Grijalva v. Safeco Insurance Co.*, 153 Or App 144, 156-58, 956 P2d 995 (1998), *rev'd* 329 Or 36, 985 P2d 784 (1999).

In *Grijalva*, we held that a plaintiff could not recover attorney fees under the statute unless the plaintiff's recovery exceeded the amount of "any tender" made by the defendant, irrespective of whether the tender was made within six months of the proof of loss. In view of that holding, the trial court's first conclusion that defendant made a qualifying tender within six months of an adequate proof of loss was unnecessary to its analysis. However, that conclusion reveals that the trial court must have determined that plaintiffs' May 1997 proof of loss was inadequate, because that submission was made more than *ten months* before defendant's March 1998 offer was filed and served. Only the March 1998 offer exceeded plaintiffs' ultimate arbitration recovery. In light of later case authority discussed below, the trial court's first conclusion is central to the disposition of this case.[1]

---

[1] The trial court's second conclusion was based on our holding in *Grijalva* that ORS 742.061 permits an insurer to make a qualifying tender after commencement of an action by the insured on the policy. The Supreme Court has since upheld that

During the pendency of this appeal, the Supreme Court addressed the meaning of the term "proof of loss" as used in ORS 742.061. In *Dockins*, the plaintiffs sought attorney fees in an action under a homeowner's policy. The policy provided both general liability and property coverage. During the policy term, the Oregon Department of Environmental Quality (DEQ) made a claim against the plaintiffs that damage had occurred as a result of petroleum residue on the plaintiffs' property. In their complaint against the insurer, the plaintiffs sought coverage for DEQ's claim under the third-party liability provisions of the policy. The parties settled the damages portion of the plaintiffs' claim more than six months after the date on which the complaint was filed. The trial court denied the plaintiffs' request for attorney fees under ORS 742.061. We affirmed that decision. The Supreme Court reversed, concluding that the plaintiffs' complaint constituted proof of loss under the policy. The court noted that "proof of loss" is not defined by statute and, after reviewing the relevant statutory text and context, concluded:

> "From the foregoing discussion of the text of ORS 742.061 and the case law that surrounds it and its predecessor statutes, we conclude the meaning of the statutory term 'proof of loss' is clear: Any event or submission that would permit an insurer to estimate its obligations (taking into account the insurer's obligation to investigate and clarify uncertain claims) qualifies as a 'proof of loss' for purposes of the statute." *Id.* at 29.

The defendant insurer argued that the complaint was insufficient to qualify as a proof of loss under ORS 742.061 because (1) DEQ's demand was not attached and, (2) the insurer's duty to indemnify was not triggered because the plaintiffs were not yet able to calculate their remediation costs. The court rejected both arguments:

> "Although it is true that the DEQ demand was not attached to the complaint and that State Farm was not required to accept plaintiffs' characterization of the DEQ demand at face value, it also is true that State Farm easily could have

conclusion. *Dockins v. State Farm Ins. Co.*, 329 Or 20, 33-34, 985 P2d 796 (1999). However, because of our resolution of plaintiffs' challenge to the trial court's first conclusion, the fact that defendant's March 1998 offer was made after this action was commenced is immaterial to our analysis.

ascertained whether plaintiffs' characterization was accurate.

> "As to its duty to indemnify under the liability provision of the policy, State Farm argues that the six-month settlement period does not begin to run until plaintiffs could calculate their remediation costs with enough specificity to enable State Farm to make a settlement offer. Again, in so arguing, State Farm ignores its duty of inquiry. There is no basis in this record to hold that, if it had undertaken an inquiry, State Farm could not have made that calculation." *Id*. at 30.

The court concluded that the allegations in the plaintiffs' complaint qualified as a proof of loss under ORS 742.061. The court also disagreed with our reading of ORS 742.061 in *Grijalva*. The court held that, for a defendant's tender to defeat a plaintiff's right to attorney fees under the statute, the tender must be made within six months after the submission of an adequate proof of loss. *Dockins*, 329 Or at 32-34. *See also Petersen v. Farmers Ins. Co.*, 162 Or App 462, 465, 986 P2d 659 (1999).

Plaintiffs argue that *Dockins* controls the outcome of this case. Plaintiffs contend that their May 1997 submission constituted an adequate offer of proof and, therefore, that defendant's March 1998 offer came too late to defeat their right to attorney fees. Defendant asserts that this case is distinguishable from *Dockins* because, here, plaintiffs' delay in providing recorded statements prevented defendant from evaluating plaintiffs' claim in order to make a settlement offer. Defendant contends that it did not have enough information to estimate its liability until September 29, 1997, when plaintiffs furnished their recorded statements. Defendant asserts that, because it made an offer of judgment on March 23, 1998, exceededing plaintiffs' ultimate recovery—a date within six months of the date plaintiffs gave their statements—the trial court did not err in denying attorney fees under ORS 742.061.

Although *Dockins* certainly informs our analysis in this case, we must consider the relevant statutory context in its entirety before reaching a conclusion. In *Dockins*, the court noted that there was no applicable statutory definition

of the term "proof of loss." That observation, although correct insofar as the homeowner's insurance coverage in that case was concerned, is not wholly accurate in the context of UM coverage. The procedure for making a "proof of claim" under UM coverage is prescribed by ORS 742.504(5)(a), which provides:

> "As soon as practicable, the insured or other person making claim shall give to the insurer written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment and other details entering into the determination of the amount payable hereunder. The insured and every other person making claim hereunder shall submit to examinations under oath by any person named by the insurer and subscribe the same, as often as may be reasonably required. Proof of claim shall be made upon forms furnished by the insurer unless the insurer shall have failed to furnish such forms within 15 days after receiving notice of claim."

Although ORS 742.504(5)(a) employs the term "proof of *claim*," (emphasis added), as opposed to "proof of *loss*" (emphasis added), those terms appear to us to be synonymous. An insured makes a claim in order to settle an insured loss. Because ORS 742.061 specifies the prerequisites for recovery of attorney fees for all types of insurance policies and because the legislature used the term proof of claim to describe the initiation of the UM claims adjustment process, it has obviously chosen to use the terms interchangeably. The parties do not contend otherwise. The text of the statute, however, establishes several points that are germane to the parties' dispute. First, a proof of a UM claim is a *written* submission. Second, that submission must include "full particulars" of the nature and extent of the insured's injuries, treatment and other material details. Third, the insured must submit to examination under oath, if required. Fourth, proof of claim is made on a *form*, which must, again, be a written submission.

Reduced to its essence, defendant's position is that plaintiffs' proof of claim was not complete until their recorded statements were given. In view of ORS 742.504(5)(a), that proposition is not correct. As noted, a proof of claim is a written submission that can be provided on a form. It is true that

the duty to submit to an examination is included in the same subsection of ORS 742.504 as the proof of claim requirements. However, although the duty to submit to examination is part of the claims adjustment process, it is not a *written proof of claim*.

■ Our conclusion is consistent with the reasoning of *Dockins*. There, the plaintiffs' complaint did not include all of the necessary information in order to permit final adjustment of the insured loss. In fact, the plaintiffs' damages were not even liquidated. Nevertheless, the allegations of the complaint triggered the insurer's duty to investigate the claim and to complete that investigation within the statutory deadline or else face liability for the insureds' attorney fees. In this case, plaintiffs' attorney's letter of May 20 provided more information than was included in the complaint in *Dockins*. The letter stated that plaintiffs' injuries were stationary, sought a fixed amount for them and, as required by ORS 742.504(5)(a), enclosed all relevant medical records. Defendant does not contend otherwise.

■ The fact that defendant sought additional information does not alter the analysis. Plaintiffs had, as do all insureds, a duty to cooperate with defendant in the processing of their claim. If that duty is breached, then the insurer may have a complete defense to coverage. *See, e.g., Bailey v. Universal Underwriters Ins. Co.*, 258 Or 201, 474 P2d 746 (1970). However, the proof of loss requirement is intended to trigger the insurer's duty to investigate. 331 It does not encompass every piece of information that the insurer may find useful in order to make a settlement offer. If the requirements for a sufficient proof of loss exceeded the written submissions specified by ORS 742.504(5)(a), then insureds would never be certain whether they had fully complied with those requirements, as long as insurers might find a single piece of additional information reasonably useful to the adjustment decision.

The facts of this case illustrate why defendant's position is untenable. Defendant's initial request for a statement in its adjuster's March 1997 letter was both tepid and equivocal. Defendant did not raise the issue again until August, despite having received plaintiffs' attorney's May letter.

Although plaintiffs did not respond to that request as promptly as might be ideal, their statements were given in late September. In sum, defendant was at least as responsible as plaintiffs for the delay in giving their statements.

■        The fulfillment of the proof of loss requirement does not depend on the outcome of such ambiguous interactions between insurer and insured. In *Dockins,* the court stated:

> " '[ORS 742.061] was not intended to postpone litigation or defer recovery by an insured but was intended to protect an insured who has suffered a loss from annoying and expensive litigation.' [*Murray v. Fireman's Ins. Co.*, 121 Or 165, 172, 254 P 817 (1927)]. In other words, the statute seeks to protect *insureds* from the necessity of litigating their valid claims. *It has no converse purpose of protecting insurers from litigation.*" 329 Or at 29 (first emphasis in original; second emphasis added).

For the foregoing reasons, we conclude that plaintiffs' attorney's May 20 letter satisfied the proof requirements of ORS 742.504(5)(a) and ORS 742.061. Because defendant made no settlement offer in excess of either plaintiff's ultimate recovery within six months thereafter, plaintiffs were entitled to recover attorney fees under ORS 742.061.

■■        We review a trial court's decision to award costs for an abuse of discretion. *Rogerson v. Baker*, 56 Or App 748, 750, 642 P2d 1216 (1982). The trial court denied costs and disbursements to both parties due to the confusion surrounding plaintiffs' attempt to enforce the March 1998 offer of judgment in accordance with their own interpretation of its meaning. Because under our disposition of this case the March offer was immaterial to plaintiffs' status as prevailing parties, the trial court's determination was erroneous. Plaintiffs are entitled to recover their costs, disbursements, and attorney fees, because defendant did not make an offer to settle their claims that met the requirements of ORS 742.061.

Reversed and remanded.