Argued and submitted December 11, 2003, reversed May 12, petition for review denied September 8, 2004 (337 Or 327)

Benita WEATHERSPOON,
*Respondent,*

*v.*

ALLSTATE INSURANCE COMPANY,
an Illinois corporation,
*Appellant.*

0012-12460; A118160

89 P3d 1277

R. Daniel Lindahl argued the cause for appellant. With him on the briefs were John R. Bachofner, and Bullivant Houser Bailey PC.

Willard Merkel argued the cause for respondent. With him on the brief was Merkel & Associates.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Schuman, Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

Defendant appeals a judgment awarding attorney fees to plaintiff under ORS 742.061. Defendant argues that the court lacked jurisdiction to award the fees and, alternatively, that the trial court erred in awarding fees under ORS 742.061(1). We reverse.

Plaintiff is defendant's insured. She was injured in an accident with an underinsured motorist. After the accident, plaintiff applied for and received personal injury protection (PIP) benefits from defendant up to the policy benefit limit of $10,000. Plaintiff then settled her claim against the underinsured driver for the limit of the driver's policy, $25,000. Plaintiff subsequently brought an action on her policy against defendant for underinsured motorist (UIM) coverage. Plaintiff's policy provided for $100,000 of UIM coverage. A jury found in plaintiff's favor on her UIM claim, and plaintiff was awarded the full benefit amount, less the $25,000 paid by the underinsured motorist's insurance company.

Plaintiff subsequently petitioned for a judgment awarding attorney fees under ORCP 68. Plaintiff served the request on defendant and gave a copy to the trial court, but she never filed a copy with the court clerk as required by ORCP 68 C(4)(a)(i).[1] The trial court awarded plaintiff attorney fees after providing both parties with an opportunity to be heard on the issue.

■ Defendant argues that plaintiff's failure to file the statement of attorney fees with the clerk of court deprived the trial court of subject matter jurisdiction over plaintiff's request for those fees. Although defendant did not object to the award of fees on the basis of the alleged ORCP 68 C(4)(a)(i) violation at trial, it makes that argument on appeal. The general rule is that a party claiming error must

---

[1] ORCP 68 C(4)(a) provides, in part:

"A party seeking attorney fees or costs and disbursements shall, not later than 14 days after entry of judgment pursuant to Rule 67:

"C(4)(a)(i) File with the court a signed and detailed statement of the amount of attorney fees or costs and disbursements, together with proof of service, if any, in accordance with Rule 9 C[.]"

present the error to the trial court before we will consider the asserted error on appeal. ORAP 5.45(4). However, subject matter jurisdiction is never waived and can be raised by any party or by the court *sua sponte* at any stage of the proceedings. We therefore consider defendant's assertion that the trial court lacked jurisdiction despite defendant's failure to raise the issue to the trial court. *Dippold v. Cathlamet Timber Co.*, 98 Or 183, 188, 193 P 909 (1920).

Defendant relies on our holding in *Averill v. Red Lion*, 118 Or App 298, 846 P2d 1203, *clarified by* 120 Or App 232, 850 P2d 1173, *rev den*, 317 Or 271 (1993), in support of its argument that a failure to file a statement of attorney fees with the clerk as required by ORCP 68 C(4)(a)(i) deprives a court of jurisdiction to award attorney fees. However, in *Averill,* the issue was not whether ORCP 68 imposes jurisdictional requirements but whether the trial court erred when it granted the defendant's motion for judgment notwithstanding the verdict (JNOV) despite the defendant's failure to comply with ORCP 63 D.[2] Although defendant recognizes that difference, it says that the

> "principle is the same. Plaintiff's fee petition was not filed within the time specified by ORCP 68 C(4)(a). Indeed, it has *never* been filed."

(Emphasis in original.) Plaintiff responds,

> "ORS 742.061 does not condition the court's authority to award fees upon plaintiff's filing of the fee petition with the court. Indeed, ORS 742.061 requires the court to award fees. * * * ORCP 68 C(4) only establishes a procedure for awarding fees and does not condition the court's authority to make fee award upon the formal filing of a fee petition with the court."

Plaintiff overstates the import of ORS 742.061.[3] Although an award of attorney fees is mandatory as distinguished from discretionary under the statute, it does not follow from the mandatory language of the statute that a court

---

[2] ORCP 63 D requires that motions for JNOV "[s]hould be filed not later than 10 days after the entry of the judgment sought to be set aside."

[3] ORS 742.061(1) provides that, generally,

"if settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable

is required to award fees under the statute when the proper procedure for invoking the court's statutory grant of authority is not followed. In general, procedural statutes exist to govern the invocation of substantive rights. Under plaintiff's proposed interpretation, ORCP 68 C(4)(a)(i) would be rendered meaningless. Rather, the issue is whether the filing of the statement with the clerk is a jurisdictional prerequisite or a procedural formality that can be waived.

■■ Even if a court has both subject matter jurisdiction over the dispute before it and personal jurisdiction over the parties, a "jurisdictional" defect can limit or entirely negate that jurisdiction, and a judgment entered in violation of a jurisdictional defect is void to the extent of the violation. *Rogue Val. Mem. Hosp. v. Salem Ins.*, 265 Or 603, 611, 510 P2d 845 (1973) (stating that "as a general rule, if the court has jurisdiction over the parties and the subject matter, the ensuing judgment, even if erroneous is not void and cannot be collaterally attacked until reversed or annulled, no matter how erroneous it may be"). An Oregon court has subject matter jurisdiction over a dispute if the constitution, a statute, or the common law tells the court to do something about the specific kind of dispute presented to the court. *School Dist. No. 1, Mult. Co. v. Nilsen*, 262 Or 559, 566, 499 P2d 1309 (1972). With those general principles in mind, we proceed to the analysis in this case.

Insurance policies are contracts. Under Article VII (Original), section 9, of the Oregon Constitution,[4] circuit courts generally have subject matter jurisdiction over contract disputes because courts had such jurisdiction at common law. Moreover, it is clear from the language contained in ORS 742.061 and ORS 742.504(1)(b) that the legislature intended that circuit courts have jurisdiction to adjudicate UIM claims. Contained within the court's subject matter

---

amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

[4] Since the adoption of Article VII (Amended) of the Oregon Constitution, Article VII (Original) has had the status of a statute and is subject to legislative change. No subsequent statute has affected Article VII (Original), section 9, and it therefore remains in effect. *Sims v. Besaw's Café*, 165 Or App 180, 187, 997 P2d 201 (2000).

jurisdiction over UIM claims is the authority to award attorney fees. Generally, a court does not properly exercise its authority to award attorney fees unless it is authorized to do so by contract or statute. *Cash Flow Investors, Inc. v. Union Oil Co.*, 318 Or 88, 91, 862 P2d 501 (1993). Here, the circuit court is authorized to award attorney fees in disputes involving UIM claims by ORS 742.061.

■    Defendant argues that, even if the court had subject matter jurisdiction over the UIM dispute, plaintiff's failure to comply with ORCP 68 C(4)(a)(i) is a jurisdictional defect that negated the trial court's power to award attorney fees. In *Montoya v. Housing Authority of Portland*, 192 Or App 408, 86 P3d 80 (2004), we considered a similar argument. At issue was whether compliance with ORCP 67 C(1) was jurisdictional in nature. In that regard, we noted

> "the difference between procedural statutes that are directory in nature and procedural statutes that are jurisdictional in nature: 'In reaching a conclusion as to what statutory provisions are jurisdictional, a distinction may be made between procedures which are required both by statute and also by the due process clause of the constitution on the one hand, and procedures required by statute alone, over and beyond anything rendered necessary by the constitution, on the other. * * * Those requirements of statute which are essential to due process are, of course, jurisdictional, and we think that statutory requirements over and beyond the bare necessities of due process may also be jurisdictional, but only if it is the legislative intent to make them so.' "

*Id.* at 415-16. (Quoting *Frederick v. Douglas Co. et al.*, 176 Or 54, 63-64, 155 P2d 925 (1945).)

In *Montoya*, we pointed out that ORCP 67 C(1) provides that a default judgment may exceed the amount sought in a prayer for relief only if "reasonable notice and opportunity to be heard are given to any party against whom the judgment is to be entered." 192 Or App at 416. In *Montoya*, we reasoned that awarding more than the amount prayed for by default without notice and the opportunity to be heard is the functional equivalent of taking a default judgment on a complaint without service of process. We concluded that the language of the rule "makes clear that the legislature

intended that notice and the opportunity to be heard are jurisdictional essentials before a party can obtain a judgment greater in amount than that sought in the complaint." *Montoya*, 192 Or App at 416.

In contrast, the rule applicable to this case, ORCP 68 C(4)(a)(i), requires a party to file "a signed and detailed statement of the amount of attorney fees or costs and disbursements" with the court "not later than 14 days after the entry of judgment." While procedural due process requires at a minimum that a party have notice of a claim against the party and that the party be given an opportunity to respond to the claim,[5] and while compliance with ORCP 68 C(4)(a)(i) affords that kind of due process, it does not necessarily follow that compliance with the rule is *essential* to due process (as is the case with ORCP 67 C(1)). For example, plaintiff included in his complaint in this case a request for attorney fees. He alleged,

> "Defendant has not made settlement within six months from the date proof of loss was filed with the insurer and this action has been made necessary thereby, and, accordingly, plaintiff is entitled to an award of his reasonable attorney fees in a sum to be determined by the court pursuant to ORS 742.061."

Defendant answered, denying that the allegation was true. Thereafter, defendant litigated the issue before the trial court. Whereas ORCP 67 C(1) explicitly conditions the award of a default judgment in excess of the amount sought in the prayer for relief on notice and an opportunity to be heard, ORCP 68 C(4)(a)(i) provides a procedure for the award of attorney fees that is not necessarily essential to due process because notice and an opportunity to respond to a request for fees can, as here, arise from other circumstances.

Moreover, there is nothing in the language of ORCP 68 C(4)(a)(i) that persuades us that the legislature intended the rule to be a jurisdictional prerequisite to the award of

---

[5] *Rocky B. Fisheries, Inc. v. No. Bend Fab.*, 66 Or App 625, 632, 676 P2d 319, *rev den*, 297 Or 82, *appeal dismissed*, 469 US 802 (1984) (citing *Mullane v. Central Hanover Tr. Co. Bank & Trust Co.*, 339 US 306, 313-16, 70 S Ct 652, 94 L Ed 865 (1950)) ("The fundamental requisites of due process are adequate notice and an opportunity to be heard.").

attorney fees. It is correct that, in many instances, subject matter jurisdiction does not arise until a complaint is filed with the clerk of the court. For instance, the filing of a civil complaint for damages operates to trigger the subject matter jurisdiction of the trial court over the dispute that is the subject of the complaint. But as we have said above, due process regarding a request for attorney fees can be furnished in many different ways because the request for attorney fees is an adjunct to other claims. It could be that the award of attorney fees by a trial court where a party has never filed a statement of attorney fees with the clerk pursuant to ORCP 68 C(4)(a)(i) constitutes an erroneous exercise of authority under the rule, but a court's erroneous exercise of statutory authority does not always equate with an absence of jurisdiction. *Shaw v. Moon et al.*, 117 Or 558, 562-63, 245 P 318 (1926). Rather, jurisdiction in such cases will depend on whether the statute or rule governing the exercise of authority is directory or jurisdictional in nature. Here, the trial court acquired subject matter jurisdiction to adjudicate the parties' insurance contract dispute and to award attorney fees under ORS 742.061 when plaintiff filed his complaint.[6] Thus acquired, the court's subject matter jurisdiction over the dispute continued to exist at the time that it adjudicated plaintiff's request for attorney fees. *Cf. Cooley v. Fredinburg*, 144 Or App 410, 417-19, 927 P2d 124 (1996), *modified on other grounds on recons*, 146 Or App 436, 934 P2d 505 (1997).

■   In summary, defendant did not raise any issue regarding plaintiff's compliance with ORCP 68 C(4)(a)(i) to the trial court. Because defendant did not raise such an issue below, defendant's argument that the trial court erroneously exercised its authority when it awarded plaintiff fees despite plaintiff's failure to comply with ORCP 68 C(4)(a)(i) is not preserved, and we decline to otherwise review it. We also

---

[6] FRCP 54(d)(2)(B) is similar to ORCP 68 C(4)(a)(i) in that it requires a request for attorney fees to be filed with the court "not later than 14 days after entry of judgment." At least one federal circuit court has considered the effect of a party's failure to object to an award of attorney fees based on that requirement at trial and concluded that such a failure is not jurisdictional. *Mints v. Educational Testing Service*, 99 F3d 1253, 1259-60 (3d Cir 1996). The Ninth Circuit has also indicated that it does not consider the 14-day requirement to be jurisdictional. *Kona Enters. v. Estate of Bisio*, 229 F3d 877, 889 (9th Cir 2000). We are not bound by either decision but note that they are consistent with our conclusion in this case.

reject defendant's remaining argument that ORCP 68 C(4)(a)(i) is jurisdictional in nature for the reasons stated in the preceding paragraph. We turn therefore to defendant's argument that ORS 742.061(3) bars recovery of attorney fees in this case.

ORS 742.061(1) provides for the recovery of attorney fees in actions on an insurance policy. ORS 742.061(3) provides that attorney fees are not available under ORS 742.061(1)

"if, in writing, not later than six months from the date proof of loss is filed with the insurer:

"(a) The insurer has accepted coverage and the only issues are the liability of the uninsured or underinsured motorist and the damages due the insured; and

"(b) The insurer has consented to submit the case to binding arbitration."

In this case, defendant gave plaintiff written notice that it accepted coverage and consented to arbitration on September 18, 2000. Therefore, under ORS 742.061(3) plaintiff could not be awarded attorney fees unless plaintiff submitted a proof of loss to defendant before March 18, 2000. Plaintiff agrees with that assertion but responds that she submitted a "proof of loss" to defendant more than six months before that time when she gave defendant a completed application for personal injury protection (PIP) benefits and a statement regarding the accident. Plaintiff also contends that, because she submitted medical bills to defendant before March 18, but after defendant had paid the full amount of plaintiff's PIP benefit, she thereby satisfied the purpose of a "proof of loss" on her UIM claim. Plaintiff concludes that, for those reasons, ORS 742.061(3) does not preclude an award of attorney fees to her.

UIM coverage provides for a much broader scope of benefits than does PIP coverage. PIP "benefits consist of payments for expenses, loss of income and loss of essential services as provided in ORS 742.524." ORS 742.520(3). UIM benefits include "all sums which the insured, the heirs or the legal representative of the insured shall be legally entitled to recover as general and special damages from the owner or

operator of an [under]insured vehicle because of bodily injury sustained by the insured caused by accident and arising out of the ownership, maintenance or use of such [under]insured vehicle." ORS 742.504(1)(a). Also, an insurer is not required to pay a UIM benefit unless one of four conditions relating to another party's liability coverage identified in ORS 742.504(4)(d) has been satisfied, whereas an insurer's obligation to pay PIP benefits does not depend on such a condition. "Under ORS [742.520], PIP benefits are payable to an injured person without consideration of fault or tort liability of the insured. The insurer must pay PIP benefits promptly on proof of loss. Its liability is contractual." *Smith v. Riker*, 88 Or App 579, 582, 746 P2d 247 (1987), *rev den*, 305 Or 273 (1988).

▪ In light of the differences between a PIP claim and a UIM claim, the issue here is whether plaintiff submitted a legally sufficient "proof of loss" to defendant before March 18, 2000. In *Dockins v. State Farm Ins. Co.*, 329 Or 20, 29, 985 P2d 796 (1999), the Supreme Court stated that "[a]ny event or submission that would permit an insurer to estimate its obligations (taking into account the insurer's obligation to investigate and clarify uncertain claims) qualifies as a 'proof of loss' for purposes of the statute." In *Dockins*, there was no applicable statutory definition of the term "proof of loss" regarding the homeowner's insurance coverage that was at issue in that case. However, in *Mosley v. Allstate Ins. Co.*, 165 Or App 304, 310-11, 996 P2d 513 (2000), we observed that, although *Dockins* established the minimum requirements of a "proof of loss," a "proof of loss" for an uninsured motorist claim had to meet the additional requirements imposed by statute. We determined that proof of loss for an uninsured motorist (UM) claim has been submitted if the submission meets the requirements for a "proof of claim" under ORS 742.504(5)(a). We explained:

> "First, a proof of a UM claim is a *written* submission. Second, that submission must include 'full particulars' of the nature and extent of the insured's injuries, treatment, and other material details. Third, the insured must submit to an examination under oath, if required. Fourth, proof of claim is [generally] made on a *form*, which must, again, be a written submission."

*Mosley*, 165 Or App at 311 (emphasis in original). ORS 742.504(5)(a) applies equally to both UM and UIM claims. ORS 742.502(4) ("Underinsurance coverage shall be subject to ORS 742.504 and 742.542."). With those legal principles in mind, we turn to the facts of this case.

Plaintiff argues that the following written documents were in defendant's possession on or before March 18 and that they constitute an adequate proof of loss: (1) a transcribed statement from plaintiff and her foster mother concerning the application for PIP benefits and (2) a completed PIP application including both a medical release that allowed defendant to obtain all of plaintiff's medical records and a release authorizing defendant to obtain wage loss information from plaintiff's employer. Based on the information from those documents, plaintiff contends that the requirements for a proof of loss for a UIM claim were satisfied.

The above documents, however, did not permit defendant to estimate its obligations under plaintiff's policy regarding a future UIM claim because nothing in the documents indicated to defendant that plaintiff was seeking UIM benefits under the policy. As we indicated in *Mosley*, proof of loss for a UM or UIM claim must include the full particulars of the nature and extent of the insured's injuries, treatment, and other material details so as to permit an insurer to estimate its obligations under the UIM coverage in its policy. The information furnished by plaintiff over six months before defendant consented to coverage and arbitration failed to inform defendant that plaintiff was making a UIM claim. Plaintiff's submissions to defendant notified defendant only that plaintiff had been in an accident and that plaintiff was seeking PIP benefits. Therefore, under *Dockins* and *Mosley*, plaintiff did not file a proof of loss on plaintiff's UIM claim more than six months before defendant consented to coverage and arbitration. Because plaintiff did not file a proof of loss for a UIM claim before March 18, 2000, defendant was within the six-month period identified by ORS 742.061(3) when it consented to UIM coverage and arbitration. It follows that the trial court erred in awarding plaintiff attorney fees under ORS 742.061(1).

Reversed.