Argued and submitted March 7, decision of Court of Appeals reversed; judgment of circuit court reversed, and case remanded to circuit court for further proceedings July 17, 2008

Laura SCOTT,
*Petitioner on Review,*

*v.*

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,
a foreign corporation,
*Respondent on Review.*

(CC 0312-13683; CA A127691; SC S055318)

190 P3d 372

Meagan A. Flynn, Preston Bunnell & Flynn, LLP, Portland argued the cause and filed the briefs for petitioner on review.

R. Daniel Lindahl, Bullivant Houser Bailey PC, Portland, argued the cause for respondent on review. With him on the brief was John R. Bachofner.

Robert K. Udziela, Beaverton, filed a brief on behalf of *amicus curiae* Oregon Trial Lawyers Association.

DE MUNIZ, C. J.

**DE MUNIZ, C. J.**

Plaintiff brought this action against defendant State Farm Mutual Automobile Insurance Company (State Farm), alleging that State Farm had not paid uninsured motorist (UM) benefits owed to her after a car accident, and asserting that she was entitled to recover her reasonable attorney fees pursuant to ORS 742.061. That statute allows an insured to recover reasonable attorney fees if, among other things, "settlement is not made within six months from the date proof of loss is filed with an insurer." The statute contains a corollary provision providing that a UM and underinsured (UIM) insurer is not subject to attorney fees if it provides written acceptance of coverage and consent to binding arbitration "not later than six months from the date proof of loss is filed with the insurer."

All of plaintiff's claims against State Farm were settled except for her claim for attorney fees. State Farm then filed a motion for partial summary judgment on that claim, asserting that plaintiff had failed to provide an adequate "proof of loss" more than six months before it accepted coverage and consented to binding arbitration. The trial court granted State Farm's motion and dismissed plaintiff's claim for attorney fees. The Court of Appeals affirmed the trial court judgment. *Scott v. State Farm Mutual Auto. Ins.*, 213 Or App 351, 161 P3d 944 (2007). Petitioner sought review in this court, asserting that she had provided the statutorily required "proof of loss" when she filled out an application for benefits on a form provided by State Farm. We allowed review and now reverse the decision of the Court of Appeals and the judgment of the trial court.

■ On review of a grant of summary judgment, we view the facts and all reasonable inferences that may be drawn from them in favor of the nonmoving party—in this case, plaintiff. *Jones v. General Motors Corp.*, 325 Or 404, 408, 939 P2d 608 (1997). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. ORCP 47 C.

The Court of Appeals adequately describes the facts as follows:

"Plaintiff was involved in a car accident on January 8, 2002. She was insured by State Farm, and the other driver was uninsured. On January 11, Sally Hess, a claim representative who worked on uninsured/underinsured motorist (UM/UIM) claims for State Farm, contacted plaintiff, informed her of the various types of coverage available to her, and took her recorded statement. According to Hess, plaintiff said that she was not sure whether she would pursue UM bodily injury coverage. Plaintiff does not directly contradict that assertion, but emphasizes that she never said that she was *not* bringing a UM claim. Plaintiff told Hess that she was receiving medical treatment, and Hess referred plaintiff to the personal injury protection (PIP) department for coverage of her ongoing treatment.

"The adjuster for plaintiff's PIP claim provided her with a form entitled 'application for benefits.' Plaintiff completed and submitted that form around January 20. State Farm used that form exclusively for PIP claims, although it did not have a separate proof of loss form for UM/UIM claims. According to plaintiff, State Farm never furnished her with any other forms, and she understood that the application for benefits form was an application for all benefits, including PIP and UM benefits. The completed application included a description of the accident and the resulting injury to plaintiff, as well as contact information for the doctor who treated her. Near the top of the form was printed, in all capital letters, 'The information provided will enable us to determine if you are entitled to benefits under the policyholder's insurance contract.' (Uppercase omitted.) The form also included an authorization for plaintiff's health care providers to provide information to State Farm.

"State Farm separated processing of PIP and UM/UIM claims and did not allow UM/UIM claim representatives to see PIP file materials without authorization. Accordingly, in keeping with State Farm's usual practice, plaintiff's application for benefits form was not sent to the UM department.

"On January 25 and 30, Hess left telephone messages asking plaintiff to call about a possible bodily injury claim. On February 27, Hess and plaintiff spoke by telephone and,

according to Hess, plaintiff 'indicated for the first time that she might pursue a UM/UIM claim. As a result, I advised that I would send her a [m]edical [a]uthorization for her to sign and return for State Farm to obtain records and information.' That same day, Hess wrote to the other driver and informed him that plaintiff was making a claim for UM benefits and asked him to inform State Farm if he in fact did have insurance. Both parties apparently agree that plaintiff returned the medical authorization form on March 6, although that form is not in the record.

"Nearly six months later, in a letter dated August 28, 2002, plaintiff's counsel wrote to Hess, asserting that State Farm had received notice of plaintiff's claim more than six months before and that plaintiff 'has not received any written notice from State Farm containing the written language approved in ORS 742.061.' The letter warned that if the claim did not settle, plaintiff would have the right to recover attorney fees. State Farm responded with a letter dated August 30 accepting coverage and consenting to binding arbitration."

*Scott*, 213 Or App 353-55 (emphasis and brackets in original; footnotes omitted).

Plaintiff later brought this action against State Farm, alleging that it had not paid UM benefits owed to her and that she was entitled to recover her reasonable attorney fees pursuant to ORS 742.061. As noted, all other aspects of the case eventually settled, except for plaintiff's attorney fees claim. State Farm moved for partial summary judgment dismissing plaintiff's claim for attorney fees, asserting that plaintiff had failed to provide "proof of loss" more than six months before it accepted coverage and consented to binding arbitration. According to State Farm, "proof of loss" requires a "written submission containing full particulars regarding the accident, claimed injuries and treatment," as well as written notice of the intent to claim UM benefits. Plaintiff filed a cross-motion for partial summary judgment on the same issue. Because State Farm accepted coverage and consented to binding arbitration on August 30, 2002, plaintiff's right to attorney fees under ORS 746.061 hinged on whether she had submitted the statutorily required "proof of loss" more than six months earlier, or prior to February 28, 2002. State Farm argued that she had not submitted proof of loss of her UM

claim until at least March 6, 2002, when she turned in the medical authorization form provided by Hess. Plaintiff argued that she had filed her proof of loss on January 20, 2002, when she completed the application for benefits on the form provided by State Farm. After a hearing, the trial court granted defendant's summary judgment motion and denied plaintiff's. The trial court then issued a judgment dismissing plaintiff's action.

Plaintiff appealed, asserting that she had submitted a sufficient "proof of loss" under ORS 742.061, as that term was explained in *Dockins v. State Farm Ins. Co.*, 329 Or 20, 985 P2d 796 (1999), when she submitted the application for benefits on the form provided by State Farm. She argued that, because defendant had only one application form for benefits, she "did all she needed to do by January 20, 2002 [the day she completed the application for benefits] to advise State Farm of sufficient facts for it to investigate her UM claim." The Court of Appeals, however, concluded that plaintiff was required to submit a written claim sufficiently stating her intention to pursue a UM claim, and that she had not done so before February 28, 2002. According to the Court of Appeals, "[a]lthough State Farm apparently at least recognized the potential for a UM claim, it had nothing in writing from plaintiff indicating her intention to pursue such a claim." *Scott*, 213 Or App at 358.

On review, plaintiff reiterates her argument that she submitted the statutorily required "proof of loss" when she completed the application for benefits provided by State Farm around January 20. She contends that the Court of Appeals decision conflicts with this court's decision in *Dockins*, and that the Court of Appeals incorrectly equated the term "proof of claim" in ORS 742.504(5)(a) with the term "proof of loss" in ORS 742.061. We turn to that question.

■    ORS 742.061(1) provides, in part:

"Except as otherwise provided in subsections (2) and (3) of this section, if settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in

such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

In *Dockins*, this court was required to discern the meaning of the term "proof of loss" as used in a prior version of ORS 742.061 (1997). The court observed that the prior statute, by its terms, applied to *"any* policy of insurance of *any* kind or nature," whether or not the policy included a specific proof of loss requirement. *Dockins*, 329 Or at 26 (emphasis added). Relying on prior cases in which this court had considered the adequacy of an insurance claimant's attempt to comply with a policy provision requiring proof of loss, the court concluded that

"an event or submission is adequate, both for purposes of collecting on the policy itself and for obtaining attorney fees under ORS 742.061, if it accomplishes the *purpose* of a proof of loss. That purpose is to afford the insurer an adequate opportunity for investigation, to prevent fraud and imposition upon it, and to enable it to form an intelligent estimate of its rights and liabilities before it is obliged to pay.

"* * * * *

"Indeed, our cases suggest that, at least where ORS 742.061 is concerned, a plaintiff's burden, if anything, may be even lighter. In *Heis* [*v. Allstate Insurance Co.*, 248 Or 636, 644-45, 436 P2 550 (1968)], in particular, this court placed insurers under a duty of inquiry, holding that, even if a submission is insufficient to allow the insurer to estimate its obligations, it will be deemed sufficient if the insurer could accomplish that purpose through a reasonable investigation."

*Dockins*, 329 Or at 28 (emphasis in original; internal quotation marks and citations omitted). The court concluded that

"the meaning of the statutory term 'proof of loss' is clear: Any event or submission that would permit an insurer to estimate its obligations (taking into account the insurer's obligation to investigate and clarify uncertain claims) qualifies as a 'proof of loss' for purposes of the statute."

*Id.* at 29.

In 1999, the same year that *Dockins* was decided, the legislature amended ORS 742.061[1] to add two new subsections regarding PIP and UM claims:

"(2)   Subsection (1) of this section does not apply to actions to recover personal injury protection benefits if, in writing, not later than six months from the date proof of loss is filed with the insurer:

"(a)   The insurer has accepted coverage and the only issue is the amount of benefits due the insured; and

"(b)   The insurer has consented to submit the case to binding arbitration.

"(3)   Subsection (1) of this section does not apply to actions to recover uninsured or underinsured motorist benefits if, in writing, not later than six months from the date proof of loss is filed with the insurer:

"(a)   The insurer has accepted coverage and the only issues are the liability of the uninsured or underinsured motorist and the damages due the insured; and

"(b)   The insurer has consented to submit the case to binding arbitration."

Those provisions created the corollary provision referred to above that shields PIP and UM/UIM insurers from the imposition of attorney fees if they provide written acceptance of coverage and consent to binding arbitration "not later than six months from the date proof of loss is filed with the insurer." The legislature's use of the same term, "proof of loss," in all three of the statute's subsections indicates that the legislature intended the term to have the same meaning throughout the statute. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993) (stating that "use of the same term throughout a statute indicates that the term has the same meaning throughout the statute"). The legislature did not otherwise modify the term "proof of loss" in any part of the statute. The foregoing history notwithstanding, we now must determine whether the Court

---

[1] ORS 742.061 was also amended in 2003. Or Laws 2003, ch 794, § 328. That amendment has no effect on our analysis of this case.

of Appeals correctly concluded that the legislature intended some other meaning of the term "proof of loss" in the UM context.

In reaching its conclusion that the application for benefits submitted by plaintiff was not statutorily sufficient, the Court of Appeals relied in part on one of its prior cases, *Mosley v. Allstate Ins. Co.*, 165 Or App 304, 996 P2d 513 (2000). In *Mosley*, the Court of Appeals distinguished *Dockins*, noting that that case dealt with a homeowner's insurance policy and that there was "no applicable statutory definition of the term 'proof of loss'" applicable to the homeowner's insurance coverage in that case. *Mosley*, 165 Or App at 310-11. Here, the Court of Appeals noted that, in contrast, in order to receive UM benefits, a claimant had to meet the additional requirements imposed by ORS 742.504(5)(a), which sets out the requirements for a "proof of claim."[2] The court stated that,

> "[b]ecause ORS 742.061 specifies the prerequisites for recovery of attorney fees for all types of insurance policies and because the legislature used the term proof of claim to describe the initiation of the UM claims adjustment process, it has obviously chosen to use the terms interchangeably."

165 Or App at 311. According to the Court of Appeals, in the UM context, "proof of loss" in ORS 742.061 is synonymous with "proof of claim" in ORS 742.504(5)(a) and, consistent with that statute, a "proof of loss" must be a written submission including the "'full particulars' of the nature and extent of the insured's injuries, treatment and other material details." *Id*. For the reasons that follow, we find the Court of Appeals' analysis unpersuasive.

---

[2] ORS 742.504(5)(a) provides:

"As soon as practicable, the insured or other person making claim shall give to the insurer written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment and other details entering into the determination of the amount payable hereunder. The insured and every other person making claim hereunder shall submit to examinations under oath by any person named by the insurer and subscribe the same, as often as may reasonably be required. Proof of claim shall be made upon forms furnished by the insurer unless the insurer fails to furnish the forms within 15 days after receiving notice of claim."

Although ORS 742.061 and ORS 742.504(5)(a) relate to UM claims, the legislature used two different terms to describe the insured's submissions, indicating that it intended two different meanings for each. *See PGE*, 317 Or at 611 (use of term in one section and not in another section of the same statute indicates a purposeful omission); *State v. Guzek*, 322 Or 245, 265, 906 P2d 272 (1995) ("When the legislature uses different terms in related statutes, we presume that the legislature intended different meanings."). Nothing in the text of the statute indicates that the legislature intended that the definition of "proof of loss" in ORS 742.061(2) and (3) be identical to the definition of "proof of claim" in ORS 742.504(5)(a). ORS 742.504(5)(a) describes what is required to recover UM *benefits*, not attorney fees, when those benefits are wrongfully withheld. Moreover, ORS 742.061 was originally enacted in 1919 as General Laws of Oregon, chapter 110, sections 1 and 2. That statute allowed for the recovery of attorney fees in actions or suits on insurance policies "provided, that settlement is not made within eight months from the date proof of loss is filed." Although renumbered and amended various times in the intervening years, the term "proof of loss" has remained the same. On the other hand, the legislature enacted ORS 742.504, which sets out minimum requirements for UM insurance policies,[3] in 1967. The fact that "proof of claim" postdates "proof of loss" by nearly 50 years demonstrates the flaw in the Court of Appeals' determination that the legislature somehow intended "proof of claim" to describe what is required of an insured in making a "proof of loss."

■    In our view, the meaning of "proof of loss" in ORS 742.061 is as the court defined it in *Dockins*: Any event or submission that would permit an insurer to estimate its obligations (taking into account the insurer's obligation to investigate and clarify uncertain claims) qualifies as a "proof of loss" for purposes of the statute. The legislature has not

---

[3] ORS 742.504 provides, in part:

"Every policy required to provide the coverage specified in ORS 742.502 shall provide uninsured motorist coverage that in each instance is no less favorable in any respect to the insured or the beneficiary than if the following provisions were set forth in the policy."

altered that definition. We turn now to the question whether plaintiff submitted an adequate proof of loss for UM benefits before February 28, 2002.

By January 11, State Farm was aware that plaintiff was receiving medical treatment for injuries sustained in a car accident with an uninsured motorist. By January 20, plaintiff had completed and submitted an "application for benefits," which stated that "[t]he information provided will enable us to determine if you are entitled to benefits under the policyholder's insurance contract," and included an authorization for plaintiff's health care providers to provide information to State Farm. The application included a description of the accident and the resulting injury to plaintiff, as well as contact information for the doctor who treated her. The form did not indicate that it was an application for PIP benefits only and, indeed, State Farm did not have a separate proof of loss form for UM/UIM claims. Though it is State Farm's practice to separate processing of PIP and UM/UIM claims and to not allow UM/UIM claim representatives to see PIP file materials without authorization, there is no evidence in the record that plaintiff was aware of that practice. We are not aware of any reason why that knowledge should be imputed to plaintiff or of any reason to permit an insurer's unilaterally imposed corporate practice to compromise an injured party's right to timely acceptance of a claim under ORS 742.061. Even if plaintiff stated on January 11 that she was not sure whether she would pursue UM coverage, State Farm was aware that plaintiff might want UM benefits, and State Farm was in the best position to know to which coverage plaintiff was entitled. Moreover, the letter State Farm sent to the other driver on February 27, 2002, informing him that plaintiff was making a claim for UM benefits, indicates that State Farm understood that plaintiff was making a UM claim. By January 20, plaintiff's written submission satisfied the "proof of loss" requirements established in *Dockins* in that it was sufficient to enable State Farm to estimate its obligations regarding plaintiff's UM claim, or to do so after a reasonable investigation. That is all that is required under ORS 742.061.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.