Argued and submitted July 27, affirmed November 23, 2011, petition for review allowed May 3, 2012 (352 Or 25)

Sara Marie ZIMMERMAN,
*Plaintiff-Respondent,*

*v.*

ALLSTATE PROPERTY
AND CASUALTY INSURANCE COMPANY,
an Illinois corporation;
and Allstate Insurance Company,
an Illinois corporation,
*Defendants-Appellants.*

Multnomah County Circuit Court
081217951; A146460

267 P3d 203

Joel S. DeVore argued the cause for appellants. With him on the briefs was Luvaas Cobb.

Gordon Gannicott argued the cause for respondent. With him on the brief was Hollander, Lebenbaum & Gannicott.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

## PER CURIAM

In this appeal by defendant Allstate Insurance from a judgment awarding plaintiff attorney fees under ORS 742.061 on her action for underinsured motorist (UIM) benefits under the terms of her automobile insurance policy, the question is whether Allstate is entitled to take advantage of the "safe harbor" provided by ORS 742.061(3) because, not later than six months from the date of proof of loss, it accepted coverage and consented to submit plaintiff's claim to binding arbitration.

Allstate makes arguments identical to those that we considered and rejected in *Hall v. Speer*, 244 Or App 392, 261 P3d 1259 (2011), concerning proof of loss in the context of a UIM claim. In *Hall*, we rejected Allstate's contention that an insurer cannot have proof of loss and enough information to estimate its obligation in a UIM case until it knows that the at-fault driver's liability insurance is inadequate to cover the insured's compensable expenses. Relying on *Dockins v. State Farm Ins. Co.*, 329 Or 20, 29, 985 P2d 796 (1999), and *Scott v. State Farm Mutual Auto. Ins.*, 345 Or 146, 155, 190 P3d 372 (2008), we held in *Hall* that, when the record shows that an insurer has submissions from the insured sufficient to allow the insurer an adequate opportunity to investigate its UIM obligation, the insurer has proof of loss. *Hall*, 244 Or App at 399. We adhere to that holding.

It is undisputed by Allstate that, in this case, plaintiff provided Allstate with the facts of the accident and her injuries by December 2007, information sufficient to trigger a duty to investigate, more than six months before Allstate accepted coverage and consented to submit the claim to binding arbitration on September 26, 2008. Allstate contends that this case is distinguishable from *Hall*, however, because here, unlike in *Hall*, Allstate actually inquired of plaintiff's attorney concerning the tortfeasor's policy limits and, despite reasonable inquiry, could not obtain information from which it could have estimated its obligation for UIM benefits.

Assuming without deciding that the results of an insurer's reasonable investigation during the six-month window could bear on whether the insured's submissions constituted proof of loss, *cf. Hall*, 244 Or App at 399 (rejecting

insurer's contention that duty to investigate was vitiated by fact that any investigation would not have provided insurer with the information it needed, noting that insurer had not conducted *any* investigation), plaintiff correctly points out that Allstate's investigation occurred on October 3, 2008, *after* Allstate had sent plaintiff its "safe harbor" letter of September 26, 2008. Thus, that evidence has little if any bearing on what Allstate would have been able to discern had it actually discharged its obligation to conduct a reasonable investigation within six months of plaintiff's submission.

Affirmed.